**Fred L. Miller and Albert F. Hamilton v. Orville W. Ladd**

[437 A.2d 1105]

No. 35-81

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

294

*Monte & Monte,* Barre, for Plaintiffs.

*William B. Field,* Chelsea, for Defendant.

**Per Curiam.** Plaintiffs initiated a suit against the defendant, Orville W. Ladd, for specific performance of an alleged contract for the sale of a part of defendant's farm. While the suit was pending and before trial, the defendant was killed in an automobile accident. The trial court dismissed plaintiffs' case pursuant to V.R.C.P. 25(a)(1) on the ground that they

failed to move for substitution of the executor of the decedent's estate as a party defendant not later than 90 days after Ladd's death had been suggested upon the record.

Plaintiffs appeal, claiming that since their neglect in moving for substitution within the time prescribed was excusable and caused no prejudice to the decedent's estate, the trial court erred in refusing to grant their V.R.C.P. 6 (b) (2) motion for an enlargement of the time in which to file a motion for substitution, and in dismissing their case.

The sole issue on appeal is whether the trial court abused its discretion in refusing to grant plaintiffs' V.R.C.P. 6 (b) (2) motion to enlarge the time in which they could file a motion for substitution pursuant to V.R.C.P. 25 (a) (1).

The chronology of events is important. Plaintiffs commenced their action for specific performance against the defendant Ladd on January 26, 1980. Two days later defendant Ladd, through his attorney, William B. Field, Esq., filed an answer, affirmative defense and a demand for jury trial.

On April 28, 1980, defendant Ladd was killed in an automobile accident. By letters dated May 1, 1980, plaintiffs' attorney notified both the clerk of the court and Ladd's attorney that he had learned that Ladd was killed in a recent accident and inquired whether Ladd's estate had been or would be opened. Attorney Field was appointed executor of Ladd's estate, and in that capacity filed with the court, pursuant to V.R.C.P. 25 (a) (1), the suggestion of the death of Orville Ladd.

There was no further progress in the case until November 18, 1980, when a motion to dismiss was filed by Attorney Field pursuant to V.R.C.P. 25 (a) (1). Plaintiffs then responded on December 20, 1980, by serving a complaint and summons entitled "Fred L. Miller and Albert F. Hamilton, Jr. v. William B. Field, Esq., Executor of the Estate of Orville W. Ladd"; a suggestion of the death of Orville Ladd, ostensibly to comply with V.R.C.P. 25 (a) (1); and a motion for substitution pursuant to V.R.C.P. 25 (a) (1) and V.R.C.P. 6 (b) (2).

Plaintiffs' and defendant's motions were heard on December 30, 1980, and on January 16, 1981, the court denied plaintiffs' motions and granted the defendant's motion to dismiss on the ground that:

The Defendant was prejudiced by the failure of the Plaintiff to move for substitution for over six months from the suggestion of death because no progress could be made on the litigation which has the effect of delaying the settlement of the estate.

There is no evidence in the record to support this conclusion, and the court made no findings or conclusions as to excusable neglect.

V.R.C.P. 25(a)(1) provides in part as follows:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties .... Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

V.R.C.P. 6(b)(2) provides in part as follows:

When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ....

Plaintiffs offer four circumstances which they say amount to excusable neglect: (1) the attorney for defendant Ladd failed to respond to the letter from plaintiff's attorney inquiring when the estate would be opened; (2) the executor's suggestion of the death of Orville Ladd was overlooked because it was undated, because plaintiffs' attorney was awaiting the response to his inquiry as to when the estate would be opened, and because his secretary filed it away; (3) when the attorneys for the plaintiffs and defendant discussed the case in September, plaintiffs' attorney again overlooked the question of substitution, and (4) defendant had requested a jury

trial and plaintiffs' attorney knew that no jury trials were scheduled before January 1981.

Plaintiffs' argument is not persuasive. The fact that plaintiffs did not request findings notwithstanding, these four enumerated circumstances do not, either singly, or in combination, amount to excusable neglect. The executor was not obliged to respond to plaintiffs' inquiry, nor were they justified in waiting on his answer before moving to substitute. Even if flaws in the executor's suggestion of death, or plaintiffs' handling of it, gave rise to excusable neglect—and they do not—they would not excuse plaintiffs because their attorney had already suggested the death upon the record. The attorneys' September conversation is not material to the issue, and in any event, took place after the 90 days for the motion to substitute had already run. Finally, the trial postponement cannot be attributed to the need for a jury trial, for an action for specific performance, which is equitable in nature, is not tried by jury. 4 V.S.A. § 111(a).

Excusable neglect requires, at a minimum, some reasonable basis for noncompliance within the allotted time period. 4 C. Wright and A. Miller, Federal Practice and Procedure § 1165, at 622 (1969). To permit an enlargement of time on the grounds proffered would have the effect of reading out of the rule any limits upon extensions of time. The effect would be "so to enlarge a remedial power devised for the exceptional case as to cover any kind of garden-variety oversight." *Pasquale* v. *Finch*, 418 F.2d 627, 630 (1st Cir. 1969).

Although the trial court made no finding as to excusable neglect, but rather erroneously grounded its decision on prejudice, it achieved the right result for the wrong reason. *Gilwee* v. *Town of Barre*, 138 Vt. 109, 111, 412 A.2d 300, 301 (1980).

In any event the court was exercising its discretion. In order for the plaintiffs to secure a reversal they must show that there has been an abuse of discretion and that prejudice flowed from that abuse. *Vermont Board of Health* v. *Town of Waterbury*, 129 Vt. 168, 173, 274 A.2d 495, 499 (1970). Abuse of discretion will be found only upon a showing that the court

withheld it altogether, or that it exercised it for clearly untenable reasons or to an extent clearly untenable. *vanLoon* v. *vanLoon*, 132 Vt. 236, 238, 315 A.2d 866, 867 (1974). Plaintiffs have not persuaded us by the required degree of proof that there has been any abuse of discretion.

*Affirmed.*