**Katheryne Snowden POULOS**

**v.**

**Wayne WILSON, Ed Lappies, Quechee Chamber of Commerce and Raven Industries, Inc.**

**QUECHEE CHAMBER OF COMMERCE**

**v.**

**Edward LAPPIES, Wayne Wilson and Raven Industries, Inc.**

**Civ. A. No. 86–121.**

United States District Court, D. Vermont.

June 24, 1987.

Mark W. Roberts, Bloomberg & Oettinger, Burlington, Vermont, and Bernard A. Dwork, Barron & Stadfeld, Boston, Mass., for plaintiff.

Theodore Corsones, Corsones & Hansen, Rutland, Vt., for defendant Lappies.

Robert H. Erdmann, Dinse, Erdmann & Clapp, Burlington, Vt., for defendant Wilson.

Curtis L. Bourdon, Bourdon & Cullen, Woodstock, Vt., for defendant Quechee.

Joseph H. Badgewick, Ryan, Smith & Carbine, Rutland, Vermont, and James R. Lynch and Stephen R. Stegich III, Condon & Forsyth, New York City, for defendant Raven.

COFFRIN, Chief Judge.

Plaintiff filed this diversity action on May 16, 1986 seeking compensation for personal injuries allegedly sustained while riding in a hot air balloon that crash landed during the 1983 Quechee Hot Air Balloon Festival. Raven Industries, Inc. ("Raven" or "defendant") was one of the four named defendants and the manufacturer of the

gondola and "envelope" (or balloon sack) in which plaintiff was riding at the time of her alleged injuries. Pending before the court is Raven's motion to dismiss the complaint against it, pursuant to Fed.R.Civ.P. 12(b)(5), for insufficiency of service of process, and plaintiff's motion to enlarge the time required to serve process. For the reasons that follow, we DENY Raven's motion and GRANT plaintiff's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The incident giving rise to this lawsuit occurred on June 25, 1983. Plaintiff filed her complaint on May 16, 1986, approximately one month before the applicable Vermont statute of limitations, 12 V.S.A. § 512, would have barred her claim. Following a concededly unauthorized attempt to serve Raven by mail,[1] plaintiff personally served Raven on June 17, 1986, thirty-one days after the complaint was filed, (see Fed.R.Civ.P. 6; *see also*, V.R.Civ.P. 6), but eight days before the limitations period ran on June 25, 1986.

Raven filed an answer which raised numerous affirmative defenses. In January of 1987, Raven filed four motions: [1] a Rule 12(b)(5) motion for dismissal for insufficiency of service of process, [2] a Rule 12(b)(2) motion for dismissal for lack of personal jurisdiction, [3] a Rule 56 motion for summary judgment, and [4] a Rule 11 motion for sanctions. Upon plaintiff's motion, we ordered a stay of consideration of

all motions pending further discovery except the Rule 12(b)(5) motion. We held a hearing on Raven's motion to dismiss for insufficiency of service of process, and the parties exhaustively briefed the issues. On April 10, 1987, plaintiff filed a reply memorandum concerning defendant's dismissal motion. In that memo, plaintiff moved for an extension of time to serve process under V.R.Civ.P. 6(b)(2) in the event that we found that Vermont law controlled the service of process.

## II. DISCUSSION

Defendant's motion to dismiss requires us to consider the interplay between the state and federal rules concerning service of process and commencement of an action that are applicable to state statutes of limitations in diversity actions.

Defendant argues that plaintiff's complaint must be dismissed because she failed to serve the complaint within thirty days of filing, as was required by former V.R. Civ.P. 3. This rule provided in part:

When an action is commenced by filing, summons and complaint must be served upon the defendant within 30 days after the filing of the complaint.[2]

Thus if state law controls the commencement date, under V.R.Civ.P. 3 filing followed by timely service is required to commence an action.

Plaintiff contends that the action was timely since, before the state limitations period ran, she completed all actions re-

---

1. Plaintiff attempted to serve Raven, a foreign corporation, by mail on May 17, 1986 by mailing a summons and complaint to Raven in South Dakota pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). However, plaintiff concedes that such service was ineffective under the federal rules. Under Fed.R.Civ.P. 4(e) and 4(f), mail service outside of the forum state is invalid unless out-of-state mail service is authorized by the law of the forum state. *Grosser v. Commodity Exchange, Inc.*, 639 F.Supp. 1293, 1315–16 (S.D.N.Y.1986); *Catalyst Energy Develop. Corp. v. Iron Mtn. Mines Inc.*, 108 F.R.D. 427, 428 (S.D.N.Y.1985); *Olympus Corp. v. Dealer Sales and Service, Inc.*, 107 F.R.D. 300, 303–04 (E.D.N.Y.1985); *William B. May Co. Inc. v. Hyatt*, 98 F.R.D. 569, 570 (S.D.N.Y.1983); *see also, Davis v. Musler*, 713 F.2d 907, 913–14 (2d Cir.1983). Since Raven is a foreign corporation and Ver-

mont law authorizing mail service will not be effective until July 1, 1987 (order of Vermont Supreme Court, dated April 3, 1986), plaintiff was not authorized to serve Raven by mail.

2. In 1986, V.R.Civ.P. 3 was amended to increase the time limit for service of the summons and complaint when an action is commenced by filing to 60 days. This amendment was passed to accompany an amendment to V.R.Civ.P. 4 that authorized service by mail. While the amendment to Rule 3 became effective July 1, 1986, the effective date of the amendment to Rule 4 was postponed until July 1, 1987, due to the inadequacy of state funds available to county sheriffs' departments. *See* notes to V.R.Civ.P. 3 and 4, V.S.A. (1986 Pocket Supp.).

quired to file and serve a complaint under the federal rules. See Fed.R.Civ.P. 3 (stating that a "civil action is commenced by filing a complaint with the court"), and Fed.R.Civ.P. 4(j) (stating that an action may be dismissed "[i]f a service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint").

In deciding whether the state or federal rules control here, our analysis starts with *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), which requires a federal court in a diversity action to apply the controlling substantive law of the state. It is these same *Erie* principles that require federal courts to follow state statutes of limitations in diversity actions. *See, Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). In *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the Supreme Court held that a Kansas statute, rather than Fed.R. Civ.P. 3, controlled when an action is commenced for purposes of tolling the state statute of limitations. The state statute in *Ragan,* which provided for commencement of a suit upon the service of process, controlled because it was an integral part of the state statute of limitations. *Id.,* at 534, 69 S.Ct. at 1235. In *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Court determined that Fed.R.Civ.P. 4(d)(1), rather than state law, governed the manner in which process was served. The *Hanna* Court reasoned that federal proce-dural rules govern in diversity cases where there is a direct conflict between a state procedural rule and the applicable federal rule.

The potential conflict between *Ragan* and *Hanna* was clarified in *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), which reaffirmed the *Ragan* holding. In *Walker,* the Court concluded that since Fed.R.Civ.P. 3 makes no explicit reference to the tolling of state limitations statutes, in diversity actions Rule 3 only governs the date from which the various timing requirements of the federal rules run, but does not affect state statutes of limitation. 446 U.S. at 750–51, 100 S.Ct. at 1985–86. The *Walker* Court found the Oklahoma rule controlling because that rule, which deemed an action commenced upon the service of process, was "an 'integral' part of the statute of limitations ... [and thus] must be considered part and parcel of the statute of limitations". 446 U.S. at 752, 100 S.Ct. at 1986.

■ Applying these principles, we find that Vermont law determines when plaintiff's action was commenced for purposes of tolling the Vermont statute of limitations. This result follows as V.R.Civ.P. 3 is similar to the state statutes considered in *Ragan* and *Walker,*[3] and the Vermont Supreme Court has indicated that V.R.Civ.P. 3 is an integral part of Vermont's limitations statutes. *See, Weisburgh v. McClure Newspapers, Inc.,* 136 Vt. 594, 595, 396

---

**3.** *Accord, Morse v. Elmira Country Club,* 752 F.2d 35, 38 (2d Cir.1984) (diversity action in which the Second Circuit stated that under the *Hanna* and *Walker* decisions the running of the state limitations statute is governed by the New York rule that limitations is tolled only by the service of process); *Cambridge Mut. Fire Ins. v. City of Claxton, Ga.,* 720 F.2d 1230, 1233 (11th Cir.1983) (diversity action in which the Eleventh Circuit found that Georgia law determined whether plaintiffs were barred by the statute of limitations, as Georgia courts had interpreted their commencement statute and service of process statute as integral parts of the state statute of limitations); *Cocco v. Preferred Mut. Ins. Co.,* 637 F.Supp. 94, 95–96 (D.Conn.1986) (diversity action in which district court found that Connecticut law, which deemed a suit commenced at the time of service, was interpreted by Connecticut courts as an integral part of the state statute of limitations and thus controlled whether the plaintiff's action was barred under the statute of limitations); *see also, Fischer v. Iowa Mold Tooling Co., Inc.,* 690 F.2d 155, 156–57 (8th Cir.1982) (diversity action in which the Eighth Circuit reversed district court's order denying a dismissal motion, where even though the complaint was filed with the limitations period and the defendant served within the 60-day extension period normally allowed under South Dakota law, the suit was deemed not timely commenced under state law, which required delivery of the summons to the sheriff for service, within the limitations period, in order for the 60-day extension period to apply).

A.2d 1388 (1979) ("[I]f the filing of a complaint is to be effective in tolling the statute of limitations as of that filing date, timely service under the Rules of Civil Procedure must be accomplished").

Plaintiff also argues that because Fed.R.Civ.P. 4(j) allows a plaintiff 120 days to serve the defendant after the complaint is filed, federal Rule 4(j) should control over Vermont Rule 3 in determining when plaintiff's action was commenced. We are not convinced by this contention. "[Federal] Rule 4 deals only with process. [Federal] Rule 3 concerns 'commencement' of a civil action". *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986). In *Walker*, the Supreme Court clearly ruled that federal Rule 3, concerning commencement of actions, was never intended to displace state tolling rules for purposes of state statutes of limitations, 446 U.S. at 750–51, 100 S.Ct. at 1985–86. We therefore are unwilling to find that federal Rule 4(j), dealing with service of process, displaces state rules that describe the steps needed to commence an action so as to toll the state limitations period. *Accord, Morse v. Elmira Country Club*, 752 F.2d 35, 42 (2d Cir.1983) ("We add explicitly that we do not accept plaintiff's argument that the new [federal] Rule 4(j), which requires plaintiffs to serve process within 120 days following the filing of the complaint, effectively adds 120 days to the applicable state statute of limitations if the complaint has been filed within the limitations period. This is a dubious proposition at best in light of *Walker, supra*. Moreover, the legislative history of the amendments shows that Congress recognized the implications of *Walker* when it considered the amendments to Rule 4(c) and that Congress specifically rejected the argument that plaintiff now advances") (references to footnotes and citations omitted); *see also, Schiavone, supra* 106 S.Ct. at 2385.

Plaintiff next argues that her action should not be barred even if we apply Vermont Rule 3 to determine when plaintiff commenced her action. Specifically, plaintiff argues that former V.R.Civ.P. 3's requirement of service within 30 days of filing applies only when *both* the complaint is filed *within* the limitations period *and* service is completed *after* the limitations period has run. Plaintiff suggests that the 30 day rule only applies to those cases because it is only in those cases that the otherwise late service needs to be "related back" to the filing that occurred within the limitations period. Plaintiff thus views former V.R.Civ.P. 3 as a type of "saving statute" that provides a 30 day grace period only for those plaintiffs who file very close to the limitations deadline and need an extension to timely complete the service needed to perfect the commencement tentatively started by the filing of the complaint. Therefore, plaintiff urges that former V.R. Civ.P. 3 would not bar this action, where although service followed more than thirty days from the filing of the complaint, both the filing and service occurred *before* the limitations period ran.

The timing of events in this case does indeed appear to present a question of first impression. As plaintiff points out, *Weisburgh, supra*, as well as *Walker, Ragan*, and the other cases cited by the parties, each involved situations where the complaint was filed just within the limitations period, and service occurred after the limitations period had run. Our independent research discloses no cases under Vermont or other states' law which address the distinction plaintiff seeks here.

However, we are hesitant to restrict the language of former V.R.Civ.P. 3 in the manner suggested by plaintiff. Former Rule 3 unequivocally stated that "[w]hen an action is commenced by filing, [the] summons and complaint *must* be served upon the defendant within 30 days after the filing of the complaint." (emphasis added). The rule's language did not limit its application only to those situations where the complaint was filed very close to the limitations deadline. Of course, when a statute's meaning is plain on its face a court should enforce it in accordance with its express terms. *See Heisse v. State*, 143 Vt. 87, 89, 460 A.2d 444 (1983); *Montgom-*

*ery v. Brinver Corp.*, 142 Vt. 461, 463, 457 A.2d 644 (1983). Further, the Reporter's Notes to former Rule 3 stated that the Rule "requires" service within 30 days of filing, and that the 30–day limit "puts the burden on a plaintiff who legitimately needs more time to seek enlargement of the period under [V.R.Civ.P.] 6(b)". Reporter's Notes to V.R.Civ.P. 3, as quoted in Vermont Rules of Civil Procedure, Rule 3, Vermont Statutes Annot. Lastly, the Vermont Supreme Court in *Weisburgh* did not restrict its discussion of Rule 3 only to those complaints filed near the limitations deadline when it stated that filing of "*a complaint*" will effectively toll the limitations period only when timely service under the rules of civil procedure is accomplished. 136 Vt. at 595, 396 A.2d 1388. Therefore, we find that plaintiff's failure to complete service within 30 days of filing would appear to require dismissal of the complaint against Raven on statute of limitations grounds.

Nonetheless, plaintiff argues that dismissal is unwarranted in this case because justice requires that plaintiff be granted an enlargement of time in which to serve defendant. Specifically, plaintiff contends that because of the uncertainty over the law applicable to the commencement and service of this action, Vermont courts would extend the time for service of the complaint from 30 to 31 days in this case under V.R.Civ.P. 6(b)(2) due to plaintiff's "excusable neglect".

■ Raven objects to plaintiff's motion on jurisdictional grounds. Raven argues that because plaintiff filed her motion to enlarge time after the limitations period had run, the motion may not be used to reopen an otherwise expired statute of limitations. However under, *Miller v. Ladd*, 140 Vt. 293, 437 A.2d 1105 (1981) we find that plaintiff's Rule 6(b)(2) motion is properly before us in this case.

In *Miller*, a defendant died while a suit against him was pending, and the plaintiffs failed to move for substitution of the defendant's executor as a party defendant within 90 days after the death was sug-

gested upon the record. Because V.R. Civ.P. 25(a)(1) requires the court to dismiss an action as to the deceased party if such a substitution motion is not filed within 90 days, the trial court dismissed the action. In entering its order, the trial court also denied plaintiff's motion to substitute parties and Rule 6(b)(2) motion to enlarge the time to file the substitution motion. Those motions were filed after the 90 day period had passed. On appeal the Vermont Supreme Court upheld the trial court's denial of the Rule 6 motion. Rather than finding that the trial court lacked jurisdiction to consider the motion, the Vermont Supreme Court found that plaintiffs had failed to show the necessary excusable neglect and thus found that the trial court had acted within its discretion in denying the Rule 6 motion on the merits. Thus the Court found that the trial court had properly ruled on the merits of the Rule 6(b)(2) motion even though that motion was filed after the time when the case would have otherwise been dismissed under V.R.Civ.P. 25(a)(1). Similarly, we may consider Poulos' V.R.Civ.P. 6(b)(2) motion to extend the time for service under V.R.Civ.P. 3, even though the motion to enlarge was filed at a time when this case would otherwise have been subject to dismissal on statute of limitations grounds.

Under V.R.Civ.P. 6(b)(2) a court may extend the time to perform an act required under the civil rules of civil procedure if the failure to act was the result of "excusable neglect". Although the Vermont Supreme Court has not precisely defined the term "excusable neglect", the term "requires, at a minimum, some reasonable basis for noncompliance within the allotted time period". *Miller*, 140 Vt. at 297, 437 A.2d 1105, citing 4 C. Wright and A. Miller, *Federal Practice and Procedure* ¶ 1165, at 622 (1969).

■ In reviewing the circumstances of this case, we find that plaintiff's neglect was excusable. As we noted, Vermont law has not decided whether the 30–day provision of former Vermont Rule 3 applied to cases where both the filing and serving of

the complaint occur within the statutory period, but more than thirty days apart. Although we decided this issue of first impression in defendant's favor, we find that plaintiff relied in good faith upon her reasonable interpretation of Rule 3 when she served her complaint thirty-one days after it was filed, but eight days before the statute of limitations period ran. Since the law on this issue was unclear, we find that plaintiff acted with "excusable neglect", and that plaintiff's request to extend the time for service by one day appropriate under the circumstances. As Raven was properly served during that extension of time, we must deny its motion to dismiss.

## III. SUMMARY AND ORDER

Based on the foregoing discussion, we DENY Raven's motion to dismiss the complaint against it, and GRANT plaintiff's motion pursuant to V.R.Civ.P. 6(b)(2) to enlarge the time in which to serve defendant by one day.