### State of Vermont v. Jay Felix

[569 A.2d 493]

No. 88-084

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed November 22, 1989

*Kevin G. Bradley,* Chittenden County State's Attorney, Burlington, and *Robert Katims*, Law Clerk, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Blais, Cain, Keller & Fowler, Inc.,* Burlington, for Defendant-Appellant.

**Peck, J.** Defendant appeals from a district court judgment denying his motion for an extension of time for the filing of a notice of appeal from a conviction for driving while intoxicated. We affirm the denial of his motion.

Judgment was entered against defendant on November 17, 1987, on the charge of driving while intoxicated, 23 V.S.A. § 1201(a)(1). No appeal was filed, and on January 5, 1988, he received notice that his driver's license had been suspended because of the conviction. He filed a motion on January 15, 1988, for an enlargement of time within which to file an appeal,

stating that his attorney was supposed to have filed an appeal but did not do so. Following a hearing, the trial court denied the motion, and the present appeal followed.

Defendant argues that the trial court abused its discretion in disallowing the extension of time for filing his appeal, pursuant to V.R.A.P. 4. The motion did not establish a case for relief. The excusable neglect standard is a strict one, and defendant has not met it. See *Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat*, 808 F.2d 1249, 1251–52 (7th Cir. 1987) (decided under the substantially identical Fed. R. App. P. 4); *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 (5th Cir. 1979); cf. *Miller v. Ladd*, 140 Vt. 293, 297, 437 A.2d 1105, 1107 (1981) (rule should not be invoked to cover routine oversights; standard requires some reasonable basis for failure to comply in the time allowed). This case does not present the unique circumstances necessary to find excusable neglect.

*Affirmed.*