Vincenzo CUOCCI and Rosalie Cuocci, Plaintiffs,

v.

Thomas John GOETTING, Daggett Streets Works and Ingenuity and Plastics Recovery Corp., Defendants.

No. 2:92–CV–86.

United States District Court, D. Vermont.

Jan. 5, 1993.

Samuel Hoar, Jr., Dinse, Erdmann & Clapp, Burlington, VT, for plaintiffs.

Michael J. Gannon, Pierson, Wadhams, Quinn & Yates, Burlington, VT, for defendants.

## OPINION AND ORDER

PARKER, Chief Judge.

### STATEMENT OF FACTS

This is a personal injury action arising from an automobile accident, which occurred in the State of New Jersey on April 5, 1989. Plaintiffs, who reside in New Jersey, claim to have been injured as the result of a collision with a motor vehicle operated by the defendant Thomas John Goetting, who is alleged to be a Vermont resident. The defendants Daggett Streets Works and Ingenuity and Plastics Recovery Corp. are alleged to be business entities domiciled in Connecticut for whom the defendant Goetting was acting as an employee, or agent, at the time of the accident.

This being a personal injury action grounded in diversity of citizenship it is controlled by Vermont's three year statute of limitations. 12 V.S.A. § 512. Accordingly, suit must have been commenced by April 5, 1992.

Plaintiffs filed a complaint with this Court on March 13, 1992. None of the defendants have been served with process to date.

On August 26, 1992, 166 days after the complaint was filed and 143 days after the Statute would have run in the ordinary course, plaintiffs filed a motion pursuant to Fed.R.Civ.P. 6(b)(2) for an order enlarging the time in which to serve process upon defendants. Plaintiffs claim that failure to serve process resulted from "excusable neglect."

The facts supporting the claim of excusable neglect are as follows.

An attempt was made by the Windsor County Sheriff's Office in March of 1992 to effect individual service on the defendant Goetting at the Barnard, Vermont address shown on his license. The Sheriff was unsuccessful and advised plaintiffs' counsel that the defendant Goetting "possibly re-

sides at 90 Howard Street, New Haven, Connecticut."

On or about April 1, 1992, the plaintiffs attempted service of the defendant Goetting by way of a certified mailing to the Barnard, Vermont address, which correspondence was returned as "unclaimed."

In mid-August, 1992, after all defendants filed an answer alleging insufficiency of service of process and the statute of limitations as defenses, plaintiffs' counsel, in a conversation with defendant Goetting's counsel, learned that Mr. Goetting resided most of the time and conducted business in Connecticut, but that he "continued to consider himself a resident of Vermont."

The plaintiffs also claim that the defendant Goetting received a copy of the process by mail on March 26, 1992, but there is no suggestion that the March mailing constituted service of process under the service by mail provision. There is no indication by plaintiffs that any attempt was ever made to serve the defendants Daggett Streets Works and Ingenuity and Plastics Recovery Corp. and no suggestion that failure to effect service on those defendants was a result of excusable neglect, although plaintiffs' motion requests that the order enlarging the time to effect service should cover all defendants.

The defendants oppose plaintiffs' motion to extend time arguing that the failure to effect timely service is nothing more than a "garden-variety oversight."

## DISCUSSION

■ Although it is not at all central to the decision in this case, this Court should point out that both parties have erroneously assumed in their respective memoranda that the plaintiffs had 120 days after filing the complaint to complete service of process as provided in Fed.R.Civ.P. 4(j). In fact, it is Vermont law, not Federal law, which determines when a plaintiff's action is commenced for purposes of tolling the statute of limitations. The Vermont Su-

preme Court has indicated that Vt.R.Civ.P. 3 is an integral part of Vermont's limitations statutes. In *Weisburgh v. McClure Newspapers, Inc.*, 136 Vt. 594, 595, 396 A.2d 1388 (1979), the Court stated that "[i]f the filing of a complaint is to be effective in tolling the statute of limitations as of that filing date, timely service under the Rules of Civil Procedure must be accomplished." Whereas the Fed.R.Civ.P. 3 provides for commencement of a civil action by the filing of a complaint with the court, the Vt. R.Civ.P. 3 provides "when an action is commenced by filing, summons and complaint must be served upon the defendant within 60 days after the filing of the complaint." It is this 60 day period which controls the tolling of the statute in a diversity action. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1979); *Poulos v. Wilson*, 116 F.R.D. 326 (D.Vt. 1987) (Coffrin, J.).

■ Since the complaint was filed on March 13, 1992, the statute of limitations ran in this case on April 5, 1992 because of the plaintiffs' failure to complete service on any of the defendants on or before May 12, 1992.

In any event, the issue for this Court's consideration is whether failure to serve resulted from excusable neglect, which would justify the Court extending the time for service by several months.[1] The Vermont Supreme Court has held that the standard of proof for excusable neglect be "at a minimum, some reasonable basis for noncompliance within the allotted time period." *Miller v. Ladd*, 140 Vt. 293, 297, 437 A.2d 1105 (1969), citing 4 C. Wright and A. Miller, *Federal Practice & Procedure* § 1165, at 622. The *Miller* court also indicated that the grounds proffered for an extension due to excusable neglect must not have "the effect of reading out of the rule any limits upon extensions of time ... [nor] so ... enlarge a remedial power devised for the exceptional case as to cover any kind of garden-variety oversight." *Pa-*

---

**1.** Plaintiffs' motion is made pursuant to Fed.R.Civ.P. 6(b)(2). In fact, since it is Vt.R.Civ.P. 3 which controls in this case, it is Vt.R.Civ.P. 6(b)(2) which provides authority for the exten-

sion. Since the Vermont Rule is also couched in terms of "excusable neglect", the difference is not significant for purposes of this opinion.

*squale v. Finch*, 418 F.2d 627, 639 (1st Cir.1969).

So far as the defendants Daggett Streets Works and Ingenuity and Plastics Recovery Corp. are concerned, plaintiffs have cited no reason whatsoever to excuse the failure to effect service from anything that appears on this record. Both of those defendants were business entities domiciled in the State of Connecticut, who could easily have been served at any time.

Additionally, the Court is impressed by the fact that plaintiffs' counsel has attached to the plaintiffs' motion to enlarge time an Exhibit C, which is a certified mail receipt dated March 26, 1992, addressed to the defendant Goetting at an address in New Haven, Connecticut, and apparently signed for by Mr. Goetting in Connecticut. There is nothing in the record which makes it clear to the Court whether Mr. Goetting resides in Vermont, or in Connecticut. What is clear, however, is that at the very time plaintiffs' counsel failed to pursue service in Vermont personal service or service by mail in Connecticut was entirely possible. Certainly, plaintiffs' counsel had to have been aware that, at the time of filing of this Complaint, there was a good deal of urgency about effecting service of process since the statute of limitations was about to run. The only "excuse" offered up by plaintiffs' counsel to justify failure to serve during the period from March 13th to May 12th, 1992 is that the Windsor County Sheriff was unable on one occasion to effect service in Vermont and that a mailing to the Vermont address was returned as unclaimed.

It appears that if the plaintiffs' counsel had checked the files the defendant Goetting's presence at the address in Connecticut would have been revealed. In any event, it seems to this Court that the grounds put forth by plaintiffs' counsel here would have the effect of enlarging a remedial power devised for an exceptional case to cover what really is "garden-variety oversight."

## CONCLUSION

Accordingly, plaintiffs' motion to enlarge time in which to effect service (Paper # 4 in Court's docket) is hereby DENIED.

It also appears that on the basis of the foregoing that the statute of limitations has expired and, accordingly, this case is hereby DISMISSED.