STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re Rinker's, Inc., d/b/a | } | |
| Rinker's Communications, and | } | |
| Beverly and Wendell Shephard | } | |
| (Appeal of Shaw, et al.) | } | Docket No. 302-12-08 Vtec |
| (Additional Appeal of Bryant) | } | |
| (Cross-Appeal of Rural Newco, LCC, d/b/a | } | |
| AT&T Mobility) | } | |
|  | } | |

Decision and Order on V.R.A.P. 4 Motion for Extension of Time

On December 26, 2008, Appellants Karen Shaw, Forrest Foster, Joe McCarthy, Jo-Anne McCarthy, Katherine Mitchell and David Mitchell appealed from a November 26, 2008 decision of the District 7 Environmental Commission issuing Act 250 Land Use Permit No. 7C1219-2 to Appellee-Applicants Rinker's, Inc., d/b/a Rinker's Communications, and Beverly and Wendell Shephard. By the same notice of appeal, Additional Appellant Heather Bryant appealed from the District Commission's denial to her of party status under Act 250 Criterion 8. On February 3, 2009, Rural Newco, LLC, d/b/a AT&T Mobility filed a notice of cross-appeal, also appealing the denial of party status by the District Commission to its predecessor, together with its motion for extension of time to file the cross-appeal.

Appellants and Additional Appellant are now represented by Jared M. Margolis, Esq.; Appellee-Applicant Rinker's, Inc., d/b/a Rinker's Communications (Rinker's) is represented by L. Brooke Dingledine, Esq.; and Cross-Appellant Rural Newco, LLC, d/b/a AT&T Mobility (AT&T) is represented by William J. Dodge, Esq. and Charlotte B. Ancel, Esq. The Land Use Panel of the Natural Resources Board has not entered an appearance in this matter, but has informational status through Melanie M. Kehne, Esq.;

1

similarly, the Vermont Agency of Natural Resources has not entered an appearance in this matter, but has informational status through Judith Dillon, Esq. Applicant-Landowners Beverly and Wendell Shephard have not entered an appearance in this matter.

Rule 5(b)(1) of the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) clearly provides that an appeal must be filed with the Environmental Court "within 30 days of the date of the act, [or] decision . . . appealed from, unless the Court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure." Rule 4(d) of the Vermont Rules of Appellate Procedure (V.R.A.P.) is equally clear that a motion for extension of time to file a notice of appeal (that is, a motion to file a notice of appeal late) must be filed "no later than 30 days after" the expiration of the original time for filing the notice of appeal.

Under V.R.E.C.P. 5(b)(2), an additional or cross-appeal may be filed within 14 days of the date on which the statement of questions is required to be filed under V.R.E.C.P. 5(f), again "unless the Court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure." In the present case the notice of appeal was filed on December 26, 2008, making the statement of questions due to be filed on January 15, 2009. Thus, AT&T's additional or cross-appeal would have had to have been filed by January 29, 2009, to be timely under the rules. The present motion was filed five days later, and was therefore itself timely filed under V.R.A.P. 4(d).

To be granted leave to file a late notice of appeal, Cross-Appellant must show excusable neglect or good cause. V.R.A.P. 4(d). Of the factors for evaluating a party's claim of excusable neglect laid out in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 398–99 (1993), cited with approval in In re Town of Killington, 2003 VT 87A, ¶ 16, 176 Vt. 60, in the present case the delay of five days is not great, allowing AT&T to appeal the District Commission's denial of its predecessor's party status will

2

not disadvantage any of the other parties, and the movant appears to have acted in good faith. Because the three factors above almost always benefit the moving party, as in Town of Killington, in the present case the "appropriate focus is on the third factor: the reason for delay, including whether it was within the reasonable control of the movant." Id. at ¶ 16 (citing Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 370 (2d Cir. 2003)).

AT&T acquired its interest in the property at issue in this appeal from its predecessor RCC Atlantic, Inc. d/b/a Unicel (RCC) on December 22, 2008, and obtained a Certificate of Public Good to operate as a mobile phone provider in Vermont on January 15, 2009. It stepped into the position of its predecessor, which had been denied party status by the District Commission, but had been allowed to participate with "friend of the commission" status.

However, the delay in actually filing the cross-appeal was not due to the timing of AT&T's acquisition of the property that gave it an interest in this appeal, nor was it due to the timing of its acquisition of its Certificate of Public Good. Nor was the delay due to any lack of knowledge on the part of AT&T that the appeal had been filed (even though Appellants had failed to provide the notice required by the rules).[1] Rather, AT&T's attorney, who had also represented its predecessor, made diligent inquiry of the Court and was aware of the date of the filing of the notice of appeal. Indeed, AT&T's motion, at page 2, states that, "from the date of the [filing of the notice of] appeal," its attorney "kept the court apprised of the possibility that RCC/AT&T would be entering an appearance and/or filing a notice of cross-appeal, and informed the Clerk's office as soon as AT&T's intent to participate was confirmed."

---

[1] Lack of knowledge of the triggering event may constitute good cause in some circumstances, but in the present case AT&T's attorney had knowledge that the triggering event — the filing of the appeal — had occurred.

Accordingly, AT&T's failure to file the cross-appeal on time was entirely within its control, and it has not explained the circumstances causing it to be filed late. That is, AT&T has not come forward with an explanation as to whether the late filing was due to a mistake or lack of understanding of the applicable rule for counting out the time (V.R.E.C.P. 5(b)(2), read together with V.R.E.C.P. 5(f)), or whether it was due to the attorney's waiting for confirmation from AT&T that it not only wanted to participate in the appeal, but wanted to file a cross-appeal on the issue of its party status. If the former, a mistake as to the applicable rule or a mistake in office procedure is not considered excusable neglect or good cause to extend the appeal period. E.g., Bergeron v. Boyle, 2003 VT 89, ¶ 22, 176 Vt. 78 (citing Town of Killington, 2003 VT 87, ¶ 17). If the latter, because a party can file a timely notice of cross-appeal and then withdraw the appeal, waiting to decide whether to file also does not constitute excusable neglect or good cause to extend the appeal period. Cf. Files v. City of Rockford, 440 F.2d 811, 816 (7th Cir. 1971) (citing 9 Moore's Federal Practice, § P204.13(3), at 978 (2d ed. 1970)) (denying motion to extend time to file an appeal under analogous federal rule[2] because "a notice of appeal is an extremely simple instrument to prepare and file and if it is subsequently ascertained that an appeal should not be pursued it can be dismissed").

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Cross-Appellant AT&T's Motion to Extend the Time for filing its Cross-Appeal regarding its Party Status is DENIED. However, AT&T is free to apply for amicus curiae status in the proceedings on the merits of the appeal, including to file memoranda on summary judgment, and to present any relevant evidence, including

---

[2] "This Court applies federal case law as persuasive authority to clarify the excusable neglect standard under V.R.A.P. 4 because the rule is substantially identical to Fed. R. App. P. 4." Town of Killington, 2003 VT 87, ¶ 16 (citing State v. Felix, 153 Vt. 170, 171 (1989)).

that of its own radiofrequency engineer, if the matter proceeds to trial.   See V.R.A.P. 29, made applicable to Environmental Court proceedings by V.R.E.C.P. 5(a)(2); e.g., In re Morgan Meadows/Black Dog Realty Subdivision Act 250 Permit, No. 267-12-07 Vtec, slip op. at 12 (Vt. Envtl. Ct. May 1, 2008) (Wright, J.).

Done at Berlin, Vermont, this 25th day of March, 2009.


_____
Merideth Wright
Environmental Judge