**State of Vermont**
**Superior Court—Environmental Division**

=====================================================================
# ENTRY REGARDING MOTION
=====================================================================

**In re Lawrence Site Plan Approval**                          **Docket No. 166-10-10 Vtec**
**(Appeal from Town of Brattleboro Development Review Board decision)**

Title: Motion for Enlargement of Time (Filing No. 15)
Filed: September 20, 2011
Filed By: Judith Brownlow, Attorney for Appellant Xavier Rockwell, Esq.

___ Granted                    _X_ Denied                         ___ Other

Appellant Xavier Rockwell, Esq. has requested an enlargement of time to file a legal brief on behalf of herself as Appellant in this on-the-record appeal. We set a deadline for briefs in an Entry Order on July 27, 2011.[1] The August 29, 2011 deadline for Appellant's brief was in bold font at the bottom of the Entry Order. Half of the document was dedicated to explaining and declaring the briefing schedule. Another Entry Order was issued that same day, directing the parties to comply with the briefing schedule provided in "our accompanying Entry Order on Appellee Stephen Lawrence's motion to dismiss."[2] We used bold font and repeated references in our Entry Orders of July 27th to provide clear direction to all parties in this appeal.

In her motion, Appellant states "she was not aware of the filing deadlines due to the placement of the scheduling order at the end of Entry Orders on other issues." She filed an affidavit that further explains she did not read one of the Entry Orders in its entirety and implies she did not understand the briefing schedule and its deadlines.

Appellant is a Vermont licensed attorney. She has recently acquired co-counsel but was a pro se litigant for most of this appeal.[3] Appellant was granted an enlargement of time on two previous occasions in this appeal.[4] Additionally, we granted a new deadline via a Scheduling Order.[5] That extended deadline was because Appellant Rockwell's Statement of Questions lacked specific references to the Town Zoning Ordinance. We later found Appellant had not complied with the Scheduling Order and gave her another extension so that she would comply.[6] Given this procedural history, we must conclude that Appellant has unnecessarily delayed this appeal several times.

We remind Appellant that she is obligated to fulfill her duties as a Vermont licensed attorney, even when appearing in court to represent herself. The Vermont Rules of Professional Conduct expect reasonable competence, promptness, and diligence of all

---

[1] This Entry Order denied Appellee's motion to dismiss. It was one of four entry orders issued that day and was identified as filing number 11 in this appeal.

[2] See July 27, 2011 Entry Order denying Appellant's motion to re-examine role of town "and for equal justice," identified as filing number 8 in this appeal.

[3] Attorney Susan S. Rockwell (n/k/a Xavier Rockwell, Esq.), of the firm of Brownlow and Rockwell PLLC, filed a Notice of Appearance on July 25, 2011. Attorney Judith Brownlow, of the same firm, filed a Notice of Appearance on September 19, 2011. The Appellant, Xavier Rockwell, Esq., is the attorney of record in this case.

[4] See Entry Orders filed October 25, 2010 and February 17, 2011.

[5] See Scheduling Order filed January 19, 2011.

[6] See Entry Order filed April 13, 2011.

attorneys.[7]   Reasonable diligence often requires an attorney to thoroughly read court orders and comply with court-ordered deadlines.[8]

Our decision to deny Attorney Rockwell's motion is governed by the Vermont Rules of Civil Procedure.  V.R.C.P. 6(b).  Rule 6(b) allows us to extend Appellant's time to file a brief "where the failure to act was the result of excusable neglect."  Id.  Excusable neglect "requires, at a minimum, some reasonable basis for noncompliance within the allotted time period."  Miller v. Ladd, 140 Vt. 293, 297 (1981).  The purpose of Rule 6(b) is to provide a "remedial power . . . for exceptional cases" and not to "cover any kind of garden-variety oversight."  Id. (quoting Pasquale v. Finch, 418 F.2d 627, 630 (1st Cir. 1969)).  In contrast, a party's neglect may be excusable when the law is unclear and a party relied in good faith on a reasonable interpretation of the law.  See Poulos v. Wilson, 116 F.R.D. 326 (1987) (finding that neglect was excusable when plaintiff erred because of a misinterpretation of law related to an issue of first impression).

We have nothing more than evidence of Appellant's oversight in this case.  See Shields v. Gerhart, 163 Vt. 219, 221 (1995) ("Mere oversight does not cross the threshold of excusable neglect"); Peters v. Benways Transp., No. 2004-148, slip op. at 2 (Vt. Aug. 2004) (unpublished mem.).  Unlike Poulos, we see no evidence to warrant classifying Appellant's actions as excusable neglect here.  Appellant's actions reveal that a simple reading of our Entry Orders would have provided clear notice of the deadline that expired twenty-one days prior to Attorney Rockwell's request for an extension of time.  Moreover, we have compelling reasons not to regard Attorney Rockwell's actions as excusable neglect.  This appeal has been needlessly delayed several times because of Appellant; the other parties have already expressed reasonable frustrations about Attorney Rockwell's actions in prosecuting this appeal.  Our prior tolerance of Attorney Rockwell's repeated delays has only hindered an orderly disposition of this on-the-record appeal.

For the reasons stated above, we **DENY** Appellant's motion for enlargement of time to file her Appellant's brief.  We remind the parties that this is merely a denial of a request for more time.  Appellant has waived the right to file a brief by not doing so on a timely basis.  There is a pending motion to dismiss; the deadline for responses to be filed is **Monday, October 3, 2011**.  The Court will take the pending motion up for consideration after that deadline passes.

_____          ___September 22, 2011___
      Thomas S. Durkin, Judge                                        Date
=========================================================================
Date copies sent to: _____                    Clerk's Initials _____
Copies sent to:
  Appellant Xavier Rockwell, Esq.
  Judith Brownlow, Attorney for Appellant Xavier Rockwell, Esq.
  Jodi P. French, Attorney for Interested Person Town of Brattleboro
  Appellee Stephen Lawrence, Pro Se

---

[7]  See Vermont Rules of Professional Conduct, Preamble ¶ 3, Rule 1.1, and Rule 1.3 (2009). We recognize the lack of a lawyer-client relationship because Appellant was a pro se litigant. However, the Rules of Professional Conduct guide our expectations for conduct by a member of the bar.

[8]  See Vermont Rules of Professional Conduct, Rule 1.3, Reporter's Notes (2009).