*Taft-Blakely v. Reinhart Foodservice, LLC*, No. 865-8-14 Cncv (Toor, J., May 11, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| JOANN TAFT-BLAKELY<br>  Plaintiff<br><br>v.<br><br><br>REINHART FOODSERVICE, LLC, et al.,<br>  Defendants | Docket No. 865-8-14 Cncv |

RULING ON MOTION TO ENLARGE TIME FOR SERVICE AND ON MOTIONS FOR
SUMMARY JUDGMENT

This is a personal injury action involving two separate motor vehicle collisions. Plaintiff has filed a motion to enlarge the time for service of the complaint, and all three Defendants have filed motions for summary judgment on the ground that the statutes of limitation expired prior to service. David D. Aman, Esq. represents Plaintiff; Eric A. Johnson represents Defendant Yates; Mark F. Werle represents Defendants Reinhart Foodservice and Charles Beal.

Relevant Facts

Plaintiff filed the motion to enlarge after realizing that there might be an issue about service upon Defendants. It is undisputed that the two collisions at issue took place on September 12, 2011 and October 12, 2011. The parties appear to agree that the statutes of limitations expired on September 12, 2014 and October 12, 2014, respectively. 12 V.S.A. § 512. The complaint was filed prior to those dates, on August 25, 2014. Thus, service was required within sixty days: by October 25, 2014. V.R.C.P. 3.

On September 4, 2014, Plaintiff served the Commissioner of Motor Vehicles as authorized by 12 V.S.A. § 891. However, she failed to send copies of the summons and complaint by certified mail (and file an affidavit certifying that) as the next section of the statute requires. 12 V.S.A. § 892 (service on Commissioner is sufficient if a copy is sent to the defendant "by registered or certified mail, and . . . the plaintiff's affidavit of compliance is filed with the process in court.").

On September 30, 2014 and October 1, 2014, Plaintiff sent copies of the summons and complaint to the insurance representatives for each Defendant. On November 17, Defendant Yates filed an answer. The answer asserted insufficient service of process as a defense.

Over two months later, on February 5, 2015, Plaintiff sent the summons and complaint to all Defendants by certified mail. On the same day, she also filed the statutorily-required certificate of compliance with the court. Thus, service under Title 12 was complete as of February 5. On February 19, Defendants Reinhart and Beal filed their answers, also asserting insufficiency of process as a defense.

Conclusions of Law

The plaintiff seeks a retroactive extension of the time for service to February 5, when she satisfied the requirements for service under 12 V.S.A. §§ 891–92. Defendants oppose the motion, and seek summary judgment on the ground that the statutes of limitation expired prior to effective service.

The complaint in this case was filed before the expiration of the statute of limitations. However, the law is clear that for the filing of the complaint to toll the statute of limitations, service must be completed within sixty days. Bessette v. Dep't of Corr., 2007 VT 42, ¶ 5, 182 Vt. 1 (referring to this as an "oft-cited rule"). Here, all of the requirements for service through

2

the Commissioner of Motor Vehicles were not completed within the sixty day period. Thus, Defendants argue that service failed to toll the limitations periods and those periods expired prior to proper service.

Plaintiff argues that the court has the power to enlarge the time for service, even after the deadlines have expired. This is generally true, if excusable neglect is established. V.R.C.P. 6(b)(2). This is as true for service deadlines as for other deadlines. Bessette, 2007 VT 42, ¶¶ 6–10 ("[A] properly granted Rule 6 extension can extend time for service under Rule 3."). Although Defendants correctly point out that Bessette involved an extension of time sought before the 60 day period expired, the Court's analysis applies just as much to extensions sought after the 60 day period. The Court discussed both options under Rule 6, noting that the rule allows extensions in both circumstances. Id. ¶ 6. The Plaintiff there was arguing that statutes of limitation are special cases, and that Rule 6 does not allow for the 60 day period to be extended to toll such periods. The Court rejected that argument. It discussed federal cases allowing extensions both before and after the initial deadlines had expired, specifically citing cases talking about the excusable neglect standard. Id. ¶ 8. The Court noted that "the plain language of Rule 6 makes it applicable to any time limit, except those specifically exempted," and that "[t]ime for service is not one of the expressly excluded time limits." Id. ¶ 9. The Court's analysis applies to any extension under Rule 6, whether for "good cause" before the 60-day deadline or "excusable neglect" after the deadline.

Thus, the question here is whether Plaintiff has established excusable neglect. V.R.C.P. 6(b)(2). The "excusable neglect standard is a strict one[.]" State v. Felix, 153 Vt. 170, 171 (1989). "Excusable neglect" was defined by the United States Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). Its

approach was discussed, although not expressly adopted, by the Vermont Supreme Court in In re Town of Killington, 2003 VT 87A, ¶¶ 16–17, 176 Vt. 60. The Killington court noted:

> In Pioneer, the Court enunciated factors for evaluating a party's claim of excusable neglect under a number of federal rules including Fed. R. App. P. 4. These factors include: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395, 113 S. Ct. 1489. While this standard ostensibly represents a modest liberalization of the "excusable neglect" concept in the federal rules, several federal circuit courts of appeal have recognized that the post-Pioneer threshold remains high.

Id. ¶ 16.

Three of the four factors here favor Plaintiff. The delay here in perfecting service was only a few months. The fact that Title 12 was not complied with did not prejudice the Defendants, because all the insurance representatives were aware of the claims and the possibility of litigation. No one claims any loss of evidence or witnesses as a result of the four-month delay. There is also no evidence of bad faith.

The remaining question is the reason for the delay and whether it was in Plaintiff's reasonable control. On this point, Plaintiff states that "while the delay was within the undersigned's control, it was simply an oversight." Motion to Enlarge at 7. Further, he argues that the error is "merely a technical mistake." Id. at 6. Unfortunately for Plaintiff, the focus of the analysis is on this factor rather than the others. "Despite the flexibility of the standard and the existence of a four-factor test, the appropriate focus is on the third factor: the reason for delay, including whether it was within the reasonable control of the movant." Killington, 2003 VT 87A, ¶ 16. The court has noted that in most cases all the other factors will favor the movant. "[T]he first two Pioneer factors will favor the moving party: delay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible . . . .

4

Additionally, the absence of good faith in these cases is rarely in issue." Id. (internal quotations and citations omitted). The "reason for delay" factor is therefore the determinative question.

Killington held that "inattention to detail," such as "an internal office procedure breakdown in [a lawyer's] office [that] resulted in the failure to calendar the appeal deadline date," did not constitute excusable neglect. Id. ¶ 19. The Court has also held that "ignorance of the law or inattention to detail would rarely constitute excusable neglect." In re Lund, 2004 VT 55, ¶ 5, 177 Vt. 465 (mem.). In Lund, the Court found that a lawyer's misunderstanding of the rules about deadlines to file appeals was not excusable neglect. Id. ¶ 7. In fact, the Court held that it had been an abuse of discretion for the trial court to grant the motion to allow the late filing. Id.

Although Lund was an entry order rather than a full opinion, and therefore not controlling authority, this court finds it persuasive. Failing to read or understand court rules or statutes may be neglect, but it is not "excusable" neglect. *See also* Whitmore v. Town of Greensboro, No. 2007-418, 2008 WL 4726500, at \*1 (Vt., March Term 2008) (mem.) (trial court abused its discretion by finding excusable neglect where party "missed the deadline to file her notice of appeal due to a miscommunication with her attorney through apparent email error"); Bergeron v. Boyle, 2003 VT 89, ¶ 22, 176 Vt. 78 ("Plaintiffs' excuse that an attorney's vacation and a related breakdown in internal office procedures resulted in the late filing is insufficient to warrant a finding of excusable neglect."); Margison v. Spriggs, 146 Vt. 116, 120 (1985) (ignorance of court's rules of procedure not excusable neglect).

Plaintiff here explains the error as an "oversight." It is not entirely clear what this means: was it a failure to read Section 892 of Title 12 until it was too late? Was it a failure to check the calendar for the deadline? Was the paperwork neglected on someone's desk? Whatever the

oversight, other Vermont cases have directly addressed the issue and held that an oversight is not excusable neglect. *See, e.g.*, Peters v. Benways Transp., No. 2004-138, 2004 WL 5581859, at *2 (Vt. Aug. Term 2004) (mem.) ("Mere oversight does not cross the threshold of excusable neglect. . . . Otherwise, there would be no limits upon extensions of time for any reason.") (citations omitted); Shields v. Gerhart, 163 Vt. 219, 221 (1995) (affirming trial court's finding that "mere oversight" did not meet the criteria for excusable neglect). Other courts agree. *See, e.g.*, In re O.P.M. Leasing Servs., Inc., 769 F.2d 911, 917 (2d Cir. 1985) ("[A] mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing . . . .") (internal citation and quotation marks omitted), *superseded by rule on other grounds*, Fed. R. App. P. 4(a)(6), *as recognized in* In re WorldCom, Inc., 708 F.3d 327, 332 (2d Cir. 2013); Cuocci v. Goetting, 812 F. Supp. 451, 453 (D. Vt. 1993) ("[T]he grounds put forth by plaintiffs' counsel here would have the effect of enlarging a remedial power devised for an exceptional case to cover what really is 'garden-variety oversight.'").

The court has found a similar case in which a plaintiff served the Commissioner of Motor Vehicles but failed to perfect service by sending copies to the defendant prior to expiration of the statute of limitations. Lucus v. Wengert, No. 2:06–CV–169, 2007 WL 2792496 (D. Vt. Sept. 25, 2007). There, plaintiff's counsel served the Commissioner, but mailed the summons and complaint to the defendant one day beyond the sixty-day deadline. The court, without actually weighing all the Pioneer factors, concluded that because of the minimal delay an extension of time was proper. Id. at *4. Essentially, the court appears to have concluded that given the de minimus one-day delay, that factor outweighed all the others in that particular case. That cannot be said in this case.

Plaintiff points to <u>Ying Ji v. Heide</u>, 2013 VT 81, 194 Vt. 546, as a case "finding excusable neglect" based on an attorney's failure to attend a court hearing. That case actually held that failing to calendar the hearing was "not the kind of 'excusable neglect' that would warrant extension" of a missed deadline. <u>Id</u>. ¶ 14. The case is somewhat confusing, at it initially discusses the <u>Pioneer</u> standard, then says the error did not meet that standard, and then vacates the judgment anyway. But more to the point, it was not a case involving a missed deadline to which Rule 6 applied. Instead, it was a case of discretionary dismissal by the trial court for failure to appear in court, and a request to vacate that judgment under Rule 60(b). The case may stand for the proposition that the standard for excusable neglect is lower in the case of a motion to reopen under Rule 60(b), but it does not appear to stand for the proposition that in other contexts a good faith mistake, or the client's innocence in the mistake, makes every error "excusable."

Plaintiff points out that it is only because she raised the issue about service that anyone learned of the error here. That may be true, but it does not make the initial oversight any less excusable as a matter of law. We all make errors, both large and small, and the court does not wish to cast any aspersions upon counsel for the error here.[1] The court never enjoys penalizing a lawyer for an inadvertent error, or a party for a lawyer's mistake. However, the court is constrained to apply the law as our Supreme Court has interpreted it. Under that analysis, mere oversight just does not meet the definition of excusable neglect for purposes of extending deadlines under Rule 6(b)(2).

Because the statute of limitations expired prior to proper service here, the Defendants are entitled to summary judgment.

---

[1] It may be of some comfort to Plaintiff's counsel to note that the lawyer who suffered a similar ruling in the <u>Cuocci</u> case is now a Superior Court Judge.

7

<u>Order</u>

The motion to enlarge time is denied. The motions for summary judgment are granted.

Dated at Burlington this 11th day of  May, 2015.

_____
Helen M. Toor
Superior Court Judge