**UNITED STATES of America, Plaintiff,**

v.

**Dan E. GIBSON, Defendant.**

No. 91–20049–07.

United States District Court,
D. Kansas.

Sept. 7, 1993.

Julie A. Robinson, Asst. U.S. Atty., Kansas City, KS, for plaintiff.

Alfred J. Kolom (stand-by), Overland Park, KS, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On July 8, 1993, the Tenth Circuit Court of Appeals entered an order partially remanding the defendant's appeal to this court for the determination of whether defendant's failure to comply with the filing requirements of Fed.R.App.P. 4(b) was based on excusable neglect (Doc. # 761). Defendant was sentenced in this court on one count of conspiracy to defraud the United States Government. The Court of Appeals noted that the final judgment was entered by the district court on July 17, 1992, that the ten-day appeal time expired on July 27, 1992, and that defendant's pro se notice of appeal was filed four days late on July 31, 1992 (albeit, within the 30–day permissible extension period under Fed.R.App.P. 4(b)).

This court conducted an evidentiary hearing on this matter on September 2, 1993. Following a thorough review of the evidence presented at that hearing and the applicable standards defining excusable neglect, it is the finding of this court that defendant's failure to file his notice of appeal within the ten-day period provided in Fed.R.App.P. 4(b) was not due to excusable neglect.

Despite numerous warnings from various judicial officers who were involved in this case that doing so was potentially unwise, defendant has proceeded pro se throughout this criminal proceeding. At the beginning of the case, and throughout its ultimate course, defendant made clear his aversion to lawyers and was emphatic in his belief that it was in his best interest, both from a philosophical and a strategic point of view, to proceed pro se. The court found at the outset that defendant made a voluntary and knowing waiver of his right to counsel. However, in order to protect defendant's interests, and in spite of defendant's resistance, the court appointed standby counsel for defendant. It was made clear to all parties that defendant would be proceeding pro se pursuant to his wishes, and that standby counsel would not have any responsibility insofar as actual representation of defendant. However, standby counsel was to familiarize himself with the issues in the case, attend all proceedings (including the trial), and make himself available to assist defendant in any matters defendant might request. Mr. Alfred Kolom was appointed standby counsel for defendant. Despite defendant's initial opposition to the court's appointment of standby counsel, the evidence shows that in fact defendant did communicate fairly frequently with Mr. Kolom throughout the trial regarding various legal matters.

Turning now to the events relevant to defendant's late filing of his notice of appeal, the court finds from the evidence presented at the evidentiary hearing that the reason for

defendant's late filing was due to his mistaken, though honestly held, sincere, but mistaken belief that intermediate Saturdays and Sundays were not counted in computing the ten-day period for filing his notice of appeal set forth in Fed.R.App.P. 4(b), and also due to his mistaken belief that the district court would lose jurisdiction to entertain his motion for bond pending appeal if his notice of appeal were filed prior to his motion for bond pending appeal.[1] Defendant testified that his belief that intermediate Saturdays and Sundays would not be counted in the computation of time for filing his notice of appeal occurred due to his belief that the computation of the ten-day time period was governed by Rule 45(a) of the Federal Rules of Criminal Procedure.[2]

From the evidence presented at the hearing, the court finds that defendant's mistaken belief that intermediate Saturdays and Sundays would be excluded from the computation of time for filing his notice of appeal did not arise from reliance on any statements by standby counsel. In fact the uncontroverted testimony at the evidentiary hearing is that in connection with the sentencing hearing Mr. Kolom stressed to defendant the importance of filing his notice of appeal immediately due to the serious consequences that could occur if such notice were not timely filed within the ten-day period. Defendant presented no evidence that he ever discussed with Mr. Kolom whether intermediate Saturdays and Sundays were counted against the ten-day period, nor that they ever specifically discussed computation of the time period in any manner. Mr. Kolom's testimony at the

hearing was that in fact no such discussions occurred. Defendant testified that his belief that intermediate Saturdays and Sundays would not be counted arose from his "collective recollection" regarding advice and conversations he had during the relevant period with friends, associates, other lawyers and Mr. Kolom.

Based on the evidence, the court finds that defendant's late filing was due solely to his mistaken belief that intermediate Saturdays and Sundays would not be counted in calculating the ten-day period for filing his notice of appeal pursuant to Fed.R.App.P. 4(b). The question before the court is therefore whether this mistaken though sincere belief held by defendant constitutes excusable neglect.

■■ The time limits for filing a notice of appeal are mandatory and jurisdictional. *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960). However, a defendant who has filed his notice of appeal beyond the time specified in Fed.R.App.P. 4, but within the thirty-day permissible extension period, may seek relief by showing excusable neglect. *United States v. Lucas*, 597 F.2d 243, 245 (10th Cir.1979).

■ Although this circuit has not spoken to the subject extensively, it is clear from the law as developed elsewhere that the standard is very stringent. Excusable neglect exists when a defendant has done "all he could do under the circumstances" to perfect a timely appeal. *United States v. Avendano–Camacho*, 786 F.2d 1392, 1394 (9th Cir. 1986). It is dependent on the facts and

---

1. At the evidentiary hearing, defendant testified that during the days immediately following his sentencing, he was preparing a motion for bond pending appeal. According to defendant, the preparation of this motion was very time consuming. Defendant testified that during this time period, he was operating on the belief that if he filed his notice of appeal before he filed his motion for bond pending appeal, the district court would lose jurisdiction to rule on his bond pending appeal. Defendant was unable to remember what source caused him to form this erroneous belief. It was defendant's desire to file his motion for bond pending appeal prior to his notice of appeal that contributed to defendant's not filing his notice of appeal until fourteen days after the entry of judgment (which defendant mistakenly believed would be the last

day to file his notice of appeal based on his erroneous belief that intermediate Saturdays and Sundays were not counted in the computation of the ten-day time limit).

2. Federal Rule of Criminal Procedure 45(a) provides that "[w]hen a period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Of course, appeals are governed not by the Federal Rules of Criminal Procedure but, rather, by the Federal Rules of Appellate Procedure, which has its own clearly set out rule for calculating time periods. Mr. Gibson never consulted that rule nor did he seek counsel about it.

circumstances of each case, but a finding of excusable neglect means that the delay should not be chargeable to the defendant. *See Fallen v. United States,* 378 U.S. 139, 143–44, 84 S.Ct. 1689, 1692, 12 L.Ed.2d 760 (1964). Excusable neglect should be strictly interpreted and, "with the exception of 'extraordinary cases where injustice would otherwise result,' few cases will ordinarily qualify under the excusable neglect rubric." *Reinsurance Co. of America v. Administratia,* 808 F.2d 1249, 1251 (7th Cir.1987). Circumstances giving rise to excusable neglect include failure to learn of the entry of judgment, unpredictable events affecting the delivery of notice of appeal to the clerk, uncontrollable delays in mail delivery, illness of counsel, and unpredictable events affecting the feasibility of appeal. *See* 9 Moore's Federal Practice ¶ 204.13[1.–3] at 4–105 to 4–106.

■ Another well-established rule with particular relevance to defendant's situation holds that ignorance of the law or unfamiliarity with the federal rules will almost invariably fall short of excusable neglect. *See United States v. Dumont,* 936 F.2d 292, 294–5 (7th Cir.1991); *Varhol v. National R.R. Passenger Corp.,* 909 F.2d 1557, 1563 (7th Cir.1990); *United States v. Douglas,* 874 F.2d 1145, 1163 (7th Cir.1989); *Pratt v. McCarthy,* 850 F.2d 590 (9th Cir.1988); *United States v. Avendano–Camacho,* 786 F.2d 1392, 1394 (9th Cir.1986). In a similar vein, courts have refused to recognize excusable neglect when the failure to file an appeal in a timely manner is due to palpable oversight, administrative or clerical errors by the attorney or the attorney's staff, or if the error is a result of an attorney's busy schedule. Moore's Federal Practice at 4–107.

■ The court finds that no circumstances arise in this case to warrant a departure from the general rule that ignorance of the law does not constitute excusable neglect. Defendant's failure to file his notice of appeal on time was purely the result of his mistaken belief that in calculating his ten-day appeal period, intermediate Saturdays and Sundays were not to be counted. This belief did not occur due to erroneous information being supplied to defendant by the court or by counsel, but rather occurred due to defendant's failure to take even minimal steps to verify whether his belief was in fact correct. The task of determining the proper time calculation is not ·a difficult one. All defendant would have needed to do would have been to refer to the table of contents contained at the front of the Federal Rules of Appellate Procedure. The table of contents shows that Rule 26 deals with the computation and extension of time. Rule 26(a) clearly provides that "[w]hen the period of time prescribed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Defendant's mistaken belief as to the proper calculation of time cannot be blamed on the fact that the method of calculation is exceedingly complex, or difficult to determine, or ambiguous.[3] Rather, his belief occurred because he mistakenly believed he knew the correct way to calculate the time period and, relying on that belief, failed to take even minimal steps to verify whether his belief was correct.

The court additionally believes that defendant's pro se status in this case does not create a special circumstance that would take this case out of the general rule that ignorance or mistake of the law does not constitute excusable neglect. The court has found Mr. Gibson to be very intelligent and articulate. At all times throughout this proceeding, defendant made a voluntary and informed choice that it was in his best interests to proceed pro se. Defendant declined to

3. Some cases carve a narrow exception to the general rule that ignorance of the law is not excusable neglect, but such a finding occurs in limited circumstances where the late filing is due to a plausible misconstruction of the law or rules, and not due to mere ignorance. *See Parke–Chapley Construction Co. v. Cherrington,* 865 F.2d 907, 911–12 (7th Cir.1989); *Redfield v. Continental Casualty Co.,* 818 F.2d 596, 602 (7th Cir.1987); *Wansor v. George Hantscho Co.,* 570 F.2d 1202 (5th Cir.1978). In these cases, the motions and rules governing their deadlines implicated procedural questions of some complexity and subtlety. In contrast, defendant's mistake involved a sincere though rudimentary confusion of the time limits governing an appeal. As the court noted in *Cange v. Stotler and Co.,* 913 F.2d 1204, 1212 (7th Cir.1990), "simple miscalculation, rather than a plausible misconstruction of the law or rules, does not establish excusable neglect."

retain counsel or have counsel appointed for him. In fact, he handled his defense quite effectively at trial. Nonetheless, in order to try to ensure defendant was not compromised by his decision to proceed pro se the court, over defendant's objection, appointed standby counsel for defendant with whom defendant was free to consult on all matters throughout the trial. Defendant's mistaken belief as to the proper calculation of days to file his notice of appeal in no way arose out of a unique circumstance that was beyond defendant's control as a result of his pro se status. Rather, defendant's failure to timely file was a result of defendant's failure to take minimal steps to verify whether his belief of the law was correct. He did not ask standby counsel how the ten day period is calculated or when his last day to file would be. He thought he knew.

The court realizes that its finding that defendant's delay was not due to excusable neglect could, if affirmed, result in the severe penalty against defendant of dismissal of his appeal. The court is extremely sympathetic to (and in fact fully concurs with) defendant's arguments that all parties to this action were made aware of defendant's intention to file an appeal through various statements and motions filed by defendant during trial, that defendant did not delay filing his notice of appeal for any strategic reason and that he would have filed his notice of appeal within the ten-day period if not for his mistaken belief as to the proper time calculation. Defendant also points out (properly in this court's view) that defendant's mere filing of his notice of appeal four days late would not result in any prejudice to the government (in fact, defendant's appeal proceeded for approximately nine months before the government even discovered defendant's late filing and brought it to the attention of the court through its motion to dismiss). While the court agrees with these arguments made by defendant, and also feels that the loss of his appeal rights is an extremely high price to pay for filing his notice of appeal four days late, it simply does not appear that what occurred here qualifies as excusable neglect. If the standard were "honest mistake" or "no prejudice to the appellee", the result would be different. Here, however, it certainly

cannot be said that Mr. Gibson did all he could have done under the circumstances. Defendant's late filing was purely due to his own mistaken belief as to the law, which defendant could have easily discovered was incorrect had he taken minimal steps to verify it. Under the clear weight of authority, such a mistaken belief does not constitute excusable neglect.

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** pursuant to the partial remand by the Tenth Circuit Court of Appeals to this court for a determination of whether defendant's failure to comply with the filing requirements of Fed.R.App.P. 4(b) was based on excusable neglect (Doc. # 761), the court finds that defendant's failure to timely file was not due to excusable neglect.

**IT IS SO ORDERED.**