2004 ME 8

**Roxanne ALLEY**

v.

**John M. ALLEY Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 12, 2003.
Decided: Jan. 13, 2004.

Stanley E. Sproul, Esq., Sproul, Stevens & Parker, P.A., Augusta, Attorney for plaintiff.

Brian P. Winchester, Esq., Augusta, Attorney for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

PER CURIAM.

[¶ 1] Roxanne Alley appeals from judgments entered in the District Court (Augusta, *Worth, J.*) denying her motions for relief from judgment pursuant to M.R. Civ. P. 60(b) and for enlargement of time to file a notice of appeal from the denial of Rule 60(b) relief. We are unpersuaded by Roxanne's contention that her failure to timely appeal the District Court's judgment denying her Rule 60(b) motion was the product of excusable neglect, and we affirm the judgments.

[¶ 2] An attorney's "mistaken belief as to the law does not rise to the level of excusable neglect." *Young v. Sturdy Furniture Co.*, 441 A.2d 320, 321 (Me. 1982). Roxanne's attorney relied on the former thirty-day appeal period provided in M.R.App. P. 2(b)(3), which, as of January 1, 2002, had been reduced to twenty-one days. The change had been in effect for almost fifteen months when the District Court entered its order denying Roxanne's Rule 60(b) motion.

[¶ 3] Although Roxanne did not timely appeal the denial of her Rule 60(b) motion, she contends in her statement of issues in her brief that the District Court violated her civil rights when it did not hear witness testimony at the hearing on the motion. Roxanne, however, failed to brief any issue relating to that denial, and we will not consider issues that are mentioned in a statement of issues but are not briefed. *Holland v. Sebunya*, 2000 ME 160, ¶ 9 n. 6, 759 A.2d 205, 209.

[¶ 4] The circumstances in this case support the imposition of sanctions pursuant to M.R.App. P. 13(f). Roxanne's appeal from the judgment denying her Rule 60(b) motion was made without any "reasonable likelihood of prevailing." *Auburn Harpswell Ass'n v. Day*, 438 A.2d 234, 239 (Me.1981). The District Court's judgment thoughtfully addressed each of Roxanne's arguments for relief, and correctly stated and applied Maine law. *Lynn v. Lynn*, 644 A.2d 1060, 1062 (Me.1994). Roxanne did not brief her contention that her civil rights were violated when the court declined to hear witnesses. *See Kezer v. Mark Stimson Assocs.*, 1999 ME 184, ¶¶ 9–10, 742 A.2d 898, 901–02. She did not provide this Court with a transcript of the January 8, 2003 proceedings, which would have been helpful in determining why the District Court declined to hear witnesses. M.R.App. P. 5(b)(2)(A). *See also* M.R. Civ. P. 43(e) (authorizing court to decide motions on affidavit). Because of a prior appeal, Roxanne should have been fully aware of the potential consequences of not providing a transcript. *See Alley v. Alley*, 2002 ME 162, ¶ 2, 809 A.2d 1262, 1262. Roxanne has failed to address the District Court's conclusion that she failed to satisfy the burden imposed on a party requesting

Rule 60(b) relief and that she failed to diligently pursue her Rule 60(b) motion.

[¶ 5] Furthermore, Roxanne's appeal of the District Court's denial of her motion for enlargement of time is without merit. Her brief does not cite any legal authority for her contentions and is not signed by her or her counsel. M.R.App. P. 9(a)(4) and (f). She provides no explanation for why her failure to file a timely appeal was not simply the result of "[c]ounsel's mistaken belief as to the law." *Young,* 441 A.2d at 321.

[¶ 6] As a consequence of these appeals, Roxanne has prevented the District Court from ruling on a pending motion to order the distribution of $102,507.11 currently being held in escrow, and has delayed the implementation of a divorce judgment entered almost two years ago. For the above reasons we conclude that sanctions pursuant to M.R.App. P. 13(f) are appropriate and award John M. Alley Jr. treble costs and attorney fees.

The entry is:

Judgments affirmed. Pursuant to M.R.App. P. 13(f), John M. Alley Jr. is awarded treble costs and attorney fees. Remanded to the District Court to determine the amount of attorney fees and to promptly consider the pending motion to order distribution of funds.