2004 VT 55

## In re James LUND

[857 A.2d 279]

No. 03-137

¶ 1. June 8, 2004. In this post-conviction relief (PCR) proceeding, the State appeals the superior court's order vacating petitioner's sexual assault conviction based on its determination that petitioner received ineffective assistance of counsel before and during his trial. We grant petitioner's motion to dismiss the appeal as untimely filed, and, therefore, do not reach the merits of the State's arguments on appeal.

¶ 2. The superior court entered its judgment on Thursday, February 13, 2003. Because the thirtieth day following the judgment fell on Saturday, March 15, the deadline for the filing of a notice of appeal was Monday, March 17. See V.R.A.P. 4 (notice of appeal must be filed within thirty days of entry of judgment); V.R.C.P. 6(a) (in computing time periods allowed by rules, statutes, or court orders, last day of period shall be included unless it falls on Saturday, Sunday, or legal holiday, in which case period runs until end of next day that is not Saturday, Sunday, or legal holiday). On February 25, the State filed a motion to stay entry of judgment pending appeal, but did not file a notice of appeal until March 18, following the hearing on the State's motion.

¶ 3. On March 31, 2003, the State filed a motion to extend time to file its notice of appeal one day beyond the thirty-day deadline. The State's excuse for having filed the notice of appeal late was that the state's attorney mistakenly believed that his motion to stay judgment pending appeal was one of the motions that tolled the running of the thirty-day appeal period. Following a hearing, the superior court granted the State's motion to file a late appeal, concluding that the State had complied with the spirit of the law because (1) its motion to stay was filed within the thirty-day appeal period and gave petitioner notice that it intended to file an appeal; (2) its notice of appeal was only one day late; and (3) its motion to extend time to file a late appeal was filed within thirty days of the expiration of the appeal period. The court determined that, under the circumstances, granting the State's motion to extend time would not undermine the goal of finality — the principal reason for requiring strict adherence to deadlines for filing notices of appeal. Petitioner seeks dismissal of the appeal, arguing that the superior court abused its discretion by granting the State's motion to extend time to file its appeal based on the state's attorney's ignorance of court rules. See *Solomon v. Design Dev., Inc.*, 139 Vt. 251, 252-53, 427 A.2d 381, 382 (1981) (standard for reviewing trial court's decision whether to extend time to file notice of appeal is abuse of discretion).

¶ 4. "Appellate Rules 3 and 4 make clear that the timely filing of the notice of appeal is a jurisdictional requirement." *In re L.B.*, 147 Vt. 82, 84, 510 A.2d 1319, 1321 (1986). Rule 4 of the Rules of Appellate Procedure provides, however, that the trial court may extend time to file a notice of appeal (1) for good cause if a "request" is made before expiration of the thirty-day appeal period or (2) "for excusable neglect" if a request is made within thirty days after expiration of the appeal period. In this case, the State has not argued that its February 25 motion

to stay pending appeal could be, or should be, construed as a request to extend time based on good cause. Rather, by filing its March 31 motion, the State acknowledged that it had to show excusable neglect because it did not request an extension of time within the initial thirty-day appeal period.

¶ 5. We have recently emphasized that Rule 4's "excusable neglect" standard must be strictly construed to prevent a de facto enlargement of the appeal period from thirty to sixty days. See *In re Town of Killington*, 2003 VT 87A, ¶ 19, 176 Vt. 60, 838 A.2d 98 (internal office procedure breakdown is not excusable neglect, as matter of law); *Bergeron v. Boyle*, 2003 VT 89, ¶ 22, 176 Vt. 78, 838 A.2d 918 (trial court abused its discretion by granting extension of time to file cross-appeal because of attorney's vacation schedule and breakdown in internal office procedures). In *Killington*, we acknowledged that the most recent United States Supreme Court case construing a comparable federal rule cited four nonexclusive factors for determining when neglect will be excusable — "'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" 2003 VT 87A, ¶ 16 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Like most other courts, however, we concluded that the most important of these factors is the third one and warned that, despite the flexible standard announced in *Pioneer*, ignorance of the law or inattention to detail would rarely constitute excusable neglect. See 2003 VT 87A, ¶¶ 16-17; see also *Pioneer*, 507 U.S. at 392 (ignorance of rules or mistakes in construing rules do not usually constitute excusable neglect); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003)

(even after *Pioneer*, equities will rarely if ever favor party who fails to follow clear dictates of court rule; where rule is clear, party claiming excusable neglect will ordinarily lose); *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 12 (D. D.C. 2003) (*Pioneer* did not change longstanding principle that mistakes of law generally cannot form basis for claim of excusable neglect).

¶ 6. Thus, in *Killington*, we rejected claims of excusable neglect based on factors totally within the control of the moving party or the moving party's attorney. 2003 VT 87A, ¶ 17. In reaching this conclusion, we cited, among others, a criminal case in which the Second Circuit Court of Appeals rejected a request for an extension of time to file a late notice of appeal based on the attorney's ignorance of the rule establishing the deadline for criminal appeals. See *id.* (citing *United States v. Hooper*, 43 F.3d 26, 28-29 (2d Cir. 1994)). The Second Circuit affirmed the trial court's refusal to extend time because the attorney's failure to comply with the rule did not result from any plausible misconstruction of the rule, and thus the attorney could have timely filed the appeal simply by becoming aware of and complying with the straightforward rule. See *Hooper*, 43 F.3d at 28-29; see also *Silivanch*, 333 F.3d at 370 (attorney's misunderstanding of clear rule cannot constitute excusable neglect that relieves party of consequences of filing untimely appeal); *United States v. Gibson*, 832 F. Supp. 324, 327 (D. Kan. 1993) (ignorance of law or unfamiliarity with rules will almost invariably fall short of excusable neglect).

¶ 7. Here, there is no excusable neglect within the meaning of our controlling case law. Rule 4 plainly sets forth which types of motions will toll the running of the appeal period, and a motion to stay the judgment is not one of them. The state's attorney conceded that the notice of appeal was untimely filed due to a

mistake of law on his part. Under these circumstances, the superior court abused its discretion by granting the State's motion to extend time for the filing of the notice of appeal based on excusable neglect. Cf. *Hall v. Hall*, 22 P.3d 965, 967 (Haw. 2001) (trial court abused its discretion in granting motion to extend time to file notice of appeal based on attorney's failure to read and comply with plain language of applicable procedural rules); *Alley v. Alley*, 2004 ME 8, ¶ 2, 840 A.2d 107 (per curiam) (attorney's mistaken belief as to law does not rise to level of excusable neglect). If we were to endorse the superior court's main reasoning for allowing the appeal — that the State's motion for a stay of judgment pending appeal put petitioner on notice that the State intended to file a notice of appeal — we would, in effect, be codifying the mistaken understanding of the law into the applicable rule. Because the State has utterly failed to satisfy the requirement that any delay beyond the jurisdictional time limit be the result of excusable neglect, the appeal must be dismissed. See *Gibson*, 832 F. Supp. at 328.

*Appeal dismissed.*