*PHH Mortgage Corp. v. Wallace*, No. 1200-11-14 Cncv (Toor, J., June 12, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| PHH MORTGAGE CORPORATION<br> Plaintiff<br><br>  v.<br><br><br>MARY WALLACE<br> Defendant | Docket No. 1200-11-14 Cncv |

ORDER TO SHOW CAUSE

On June 3, Plaintiff filed a motion to enlarge time to serve the defendant in this case. However, the complaint was filed on November 17. More than six months have elapsed since the filing date. Service was required within 60 days—by January 17. V.R.C.P. 3. Because the request to extend the time for service was not made prior to the expiration of that 60-day period, Plaintiff must establish "excusable neglect" to obtain an extension. V.R.C.P. 6(b)(2). Plaintiff has not even argued that it meets such a standard, and has proffered nothing to suggest that it does. *See, e.g.*, In re Town of Killington, 2003 VT 87A, ¶¶ 16–17, 176 Vt. 60. All that Plaintiff offers is that it has "placed this file on hold for Loss Mitigation workout negotiations." Motion, ¶ 1. It certainly appears that the delay was within Plaintiff's control, which suggests no excusable neglect. Killington, 2003 VT 87A, ¶ 16 ("[T]he appropriate focus is on the third factor: the reason for delay, including whether it was within the reasonable control of the movant.").

Inattention to detail, such as overlooking a service deadline, is not excusable neglect. Id. ¶ 19; *see also* In re Lund, 2004 VT 55, ¶ 5, 177 Vt. 465 (mem.) ("[I]gnorance of the law or inattention to detail would rarely constitute excusable neglect."); Peters v. Benways Transp., No.

2004-138, 2004 WL 5581859, at *2 (Vt. Aug. Term 2004)("Mere oversight does not cross the threshold of excusable neglect. Otherwise, there would be no limits upon extensions of time for any reason.") (unpublished mem.); <u>Bergeron v. Boyle</u>, 2003 VT 89, ¶ 22, 176 Vt. 78 ("Plaintiffs' excuse that an attorney's vacation and a related breakdown in internal office procedures resulted in the late filing is insufficient to warrant a finding of excusable neglect."); <u>Margison v. Spriggs</u>, 146 Vt. 116, 120 (1985)(ignorance of court's rules of procedure not excusable neglect).  Nor does  plaintiff have the option of choosing to sit on a case while it negotiates, delaying service as long  as it wishes to. The proper route in such a case is to request an extension of time *before* the 60-day deadline expires.

The case will therefore be dismissed, without prejudice to its refiling, unless Plaintiff submits additional evidence by June 22 establishing excusable neglect.

Dated at Burlington this 10th day of  June, 2015.


_____
Helen M. Toor
Superior Court Judge