*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-106

JULY TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Spencer Durham | } | DOCKET NO. 1058-10-12 Bncr |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals the denial of motion for sentence reconsideration, arguing that the court erred in dismissing his motion as untimely filed. Although we agree that the motion was timely filed in the trial court, we dismiss defendant's appeal as untimely filed.

Following a jury trial, defendant was convicted of two counts of identity theft, one count of attempting to utter a false instrument, and one count of possession of stolen property. He was sentenced to a combined term of seven-to-nine years. This Court affirmed his direct appeal. See State v. Spencer, No. 2013-309, 2014 WL 3714941 (Vt. Jul. 24, 2014).

Following this Court's affirmance, defendant submitted a letter to the super court, criminal division on October 17, 2014, stating that he understood he could "file for a modification or reduction in sentence" and asking that the letter be construed as such a request. There is no indication in the record that the letter was sent to the State and the State later asserted it did not receive a copy. The letter also requested an application for public-defender services, which was submitted to the Court on October 28, 2014. On November 6, 2014, defendant submitted a formal motion for sentence reduction, detailing his various claims for relief. On December 2, 2014, the court denied the motion as untimely filed. Defendant moved the court to reconsider, arguing that he had been transferred several times by the Department of Corrections (DOC) and was not receiving mail in a timely fashion. He also contended that either his motion should be considered filed when he placed it in the mail or his October 17, 2014 letter should be construed as a motion for sentence reduction. The court denied that motion on February 5, 2015, and defendant filed a notice of appeal on February 19, 2015.

On appeal, defendant was initially represented by counsel, and counsel filed a brief on his behalf. This Court granted defendant's motion for counsel to withdraw and to proceed pro se. In addition to the brief filed by counsel, defendant has submitted a pro se appellant's brief.

On appeal, defendant first argues that his October 17 letter should have been construed as a motion for sentence reduction, and therefore his motion was timely filed. Pursuant to statute and the Vermont Rules of Criminal Procedure, a motion for sentence reduction must be filed within ninety days of the imposition of the sentence or "within 90 days after entry of any order or judgment of the supreme court upholding a judgment of conviction." 13 V.S.A. § 7042(a); V.R.Cr.P. 35(b) (allowing motion to reduce sentence to be filed "within 90 days after entry of any order or judgment of the Supreme Court upholding a judgment of conviction"). This Court's order issued on July 24, 2014, and defendant does not dispute that a motion therefore needed to be filed by October 22, 2014. Although the November 6, 2014 motion was beyond this deadline, the October 17, 2014 letter was within this period. Therefore, the critical issue is whether the letter was sufficient to preserve defendant's right to file a motion for sentence reduction.

The State argues that the letter was deficient because it did not set forth specific facts or argument and therefore was not a substitute for a properly filed Rule 35 motion. Certainly, defendant's October 17, 2014 letter failed to comply with all of the motion requirements insofar as it did not state the facts or law relied on or state the grounds for the relief sought. See V.R.Cr.P. 47(a) (requiring that motion "state the grounds therefor, including a concise statement of the facts and law relied on, and shall set forth the relief or order sought"); V.R.Cr.P. 35(d) (delineating that procedure for motions for sentence reduction is governed by Rule 47). Whatever the substantive merits of the filing, however, it put the court on notice that defendant sought sentence reduction and was sufficient for purposes of preserving defendant's timely filing of such motion. The November 6, 2014 motion supplemented this initial filing. Therefore, the court erred in dismissing the motion as untimely.

Nonetheless, we agree with the State that this appeal was untimely filed and dismiss the appeal on that ground. The court entered its judgment on defendant's motion for sentence reduction on December 2, 2014. A notice of appeal must be filed within thirty days of the date of the entry of judgment or order appealed from. V.R.A.P. 4(a). Defendant's appeal was not filed until February 19, 2015, well beyond the thirty-day filing time. Defendant argues that he timely appealed from the denial of his December 17, 2014 motion to reconsider and therefore the appeal is timely.

There are no grounds to extend or toll the appeal period based on defendant's filing of the motion to reconsider. The timely filing of a notice of appeal is a jurisdictional requirement. In re Lund, 2004 VT 55, ¶ 4, 177 Vt. 465 (mem.). Pursuant to Vermont Rule of Appellate Procedure 4, when certain post-judgment motions are filed, the time period for filing an appeal begins to run after disposition of the motion. V.R.A.P. 4(b) (listing motions). The appeal period can be tolled or extended only when the motion falls within the requirements of Rule 4. See Fagnant v. Foss, 2013 VT 16A, ¶ 13, 194 Vt. 405 (per curiam) (holding that successive post-judgment motion did not toll time period). The criminal procedure motions listed are a Rule 29(c) motion for acquittal, a Rule 33 motion for a new trial, a Rule 34 motion in arrest of judgment, and a Rule 35(c) motion to modify a sentence if filed by a prosecuting attorney.

Defendant's self-styled "motion for reconsideration of motion to reconsider sentence," bears no resemblance to any of these listed rules in title or in substance. Although motions to reconsider are routinely filed and ruled on by trial courts, the rules do not provide for such a

particular motion and there is certainly no mechanism under the rules to extend the appeal period for resolution of one.  Unlike a motion to alter or amend the judgment under Civil Rule 59(e), which would toll the appeal period under Appellate Rule 4, the criminal rules contain no similar motion.  Because the appeal period was not tolled, defendant's notice of appeal was untimely as to the December 2, 2014 order denying his motion for sentence reduction.  This Court therefore lacks jurisdiction over this appeal and it is dismissed as untimely filed.

      <u>Appeal dismissed</u>.

BY THE COURT:


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice