*Nationstar Mortgage LLC v. Gears et al.*, No. 729-7-12 Cncv (Toor, J., Dec. 21, 2015).
 [The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br> Plaintiff<br><br>v.<br><br><br>JAMES A. GEARS, et al.,<br> Defendants | Docket No. 729-7-12 Cncv |

RULING ON MOTION TO ENLARGE TIME

This is a foreclosure case. A decree was issued on June 19, 2013. The last redemption date was December 27, 2013, and any sale was to be held within six months of that date: June 27, 2014. An intervening bankruptcy delayed the sale, but ultimately the court extended the deadline to November 12, 2015.  *See* Entry Regarding Motion (August 12, 2015). On November 19, Plaintiff filed a motion to enlarge time to hold the sale.

Discussion

Because the request to extend the deadline was not made prior to its expiration, Plaintiff must establish "excusable neglect" to obtain an extension. V.R.C.P. 6(b)(2). Plaintiff has not even argued that it meets such a standard, and has proffered nothing to suggest that it does. *See, e.g.*, In re Town of Killington, 2003 VT 87A, ¶¶ 16–17, 176 Vt. 60. All that Plaintiff's counsel  offers is that on November 3 the client asked counsel to "place the foreclosure on hold due to Loss Mitigation." Motion ¶ 5. However, no explanation is offered for the failure between November 3 and November 12 to promptly file a motion to extend time.

Inattention to detail, such as overlooking a deadline, is not excusable neglect. Id. ¶ 19; *see also* In re Lund, 2004 VT 55, ¶ 5, 177 Vt. 465 (mem.) ("[I]gnorance of the law or inattention to detail would rarely constitute excusable neglect."); Peters v. Benways Transp., No. 2004-138, 2004 WL 5581859, at *2 (Vt. Aug. Term 2004)("Mere oversight does not cross the threshold of excusable neglect. Otherwise, there would be no limits upon extensions of time for any reason.") (unpublished mem.); Bergeron v. Boyle, 2003 VT 89, ¶ 22, 176 Vt. 78 ("Plaintiffs' excuse that an attorney's vacation and a related breakdown in internal office procedures resulted in the late filing is insufficient to warrant a finding of excusable neglect."); Margison v. Spriggs, 146 Vt. 116, 120 (1985)(ignorance of court's rules of procedure not excusable neglect).

Moreover, the delay was entirely within Plaintiff's control, which is far from excusable neglect. Killington, 2003 VT 87A, ¶ 16 ("[T]he appropriate focus is on . . . the reason for delay, including whether it was within the reasonable control of the movant."). The motion to enlarge time is therefore denied.

Because the Plaintiff has failed to comply with the court order, the sale is a mandated step in the foreclosure process, and nothing can be done to finalize the case now short of dismissal, the case is hereby dismissed.

Order

The motion to enlarge time is denied. The case is dismissed.  Plaintiff and its successors and assigns are barred from passing on the costs and fees associated with this case to the borrowers.

Dated at Burlington this 16th day of  December, 2015.

_____
Helen M. Toor
Superior Court Judge