*Lowe v. Menard*, 396-7-18 Wncv (Teachout, J., Mar. 15, 2019)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 396-7-18 Wncv** |

**SCOTT LOWE**
    **Plaintiff**

    **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

### DECISION
### The State's Motion to Dismiss, filed November 28, 2018 (MPR #2)
### Opposition filed January 28, 2019

Plaintiff–Inmate Scott Lowe alleges that the Vermont Department of Corrections has repeatedly assigned different case managers to him and each has given him conflicting and wrong information about when he may engage in programming and thus be on track for early release. In this case, he seeks an order prospectively requiring the DOC to "uphold its original recommendation of granting reintegration furlough for March 4, 2020, requiring the Department to provide a VTPSA Sex Offender treatment date of twelve (12) months prior to the original RF date of March 4, 2020." Complaint at 12. The DOC has filed a motion to dismiss arguing that Mr. Lowe failed to seek review in a timely manner, failed to preserve the issues he seeks to raise here in his administrative grievance, seeks review of unreviewable issues, and otherwise any particular claims are not sufficiently alleged.

Mr. Lowe's decision appeal to the commissioner and the commissioner's response are in the record. They show that Mr. Lowe's grievance essentially consisted of an argument that the DOC should exercise its discretion to initiate his programming and put him on track for early release because his good behavior warrants it. The commissioner's response, declining to award relief and relying on Mr. Lowe's most recent case staffing, is dated May 4, 2018. His petition for review here was filed on July 9, 2018.

Mr. Lowe's petition is out of time. Rule 75(c) requires a petition for review to be filed within 30 days of notice of the challenged act.[1] The 30-day review period is not jurisdictional: it may be enlarged under Rule 6(b), waived by a defendant, or it may be subject to an estoppel, as was the case in *Fyles v. Schmidt*, 141 Vt. 419, 422 (1982). See V.R.C.P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the superior courts . . . or the venue of actions therein."). There is no asserted basis for a waiver or estoppel in this case.

---

[1] Mr. Lowe purported to seek Rule 74, rather than Rule 75, review. However, he has no identifiable statutory right to review enabling Rule 74 procedure. See V.R.C.P. 74(a). His right to review, if one exists at all, thus falls under Rule 75. See V.R.C.P. 75(a).

Under Rule 6(b)(1)(A), the court has broad discretion to enlarge the time for filing the petition when the request to do so occurs before the expiration of the time for filing. That did not happen in this case. When the request occurs later, Rule 6(b)(1)(B) limits the court's discretion to situations in which "the failure to act was the result of excusable neglect." The Vermont Supreme Court has explained that the "excusable neglect standard is a strict one." *State v. Felix*, 153 Vt. 170, 171 (1989). The heart of the analysis is "the reason for delay, including whether it was within the reasonable control of the movant." *In re Town of Killington*, 2003 VT 87A, ¶ 16, 176 Vt. 60. "Ignorance of the law or inattention to detail" usually is insufficient. *In re Lund*, 2004 VT 55, ¶ 5, 177 Vt. 465 (mem.). There is no asserted excusable neglect in this case.

Even if Mr. Lowe had sought Rule 75 review in a timely manner, the only claim he would have preserved for review is his disagreement with the DOC's discretion over his programming. The DOC's decisions about Mr. Lowe's programming are in its discretion and are unreviewable in this court. See *Rheaume v. Pallito*, 2011 VT 72, ¶ 11, 190 Vt. 245.

To the extent that Mr. Lowe is seeking to raise any other claims in this case, they were not preserved for review in an exhausted administrative grievance. See generally *Pratt v. Pallito*, 2017 VT 22, 204 Vt. 313 (distinguishing preservation from exhaustion and analyzing preservation in prisoner grievance case in depth). The purpose of the preservation requirement is to ensure that the agency has a fair chance to address an issue before it is presented to the judicial branch for further review. *Id.*, 2017 VT 22, ¶ 16. "[T]o properly preserve an issue, a party must present the issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it.'" *Id.* (citation omitted).

## ORDER

For the foregoing reasons, the State's motion to dismiss is granted.

Dated at Montpelier, Vermont this _____ day of March 2019.

_____
Mary Miles Teachout
Superior Judge