VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No.  21-ENV-00095



| Andersen 140 Main Street Denial |
| --- |

## ENTRY REGARDING MOTION

Title:  Motion to Dismiss
Filer:  Town of Richford
Filed Date:  October 18, 2021

The Motion is **GRANTED**.

The Town of Richford (the Town) moves to dismiss Richard and Chari Andersen's (Appellants) appeal of a decision by the Town of Richford Development Review Board (DRB). The appeal concerns Appellants' intent to add a second apartment to the property they own at 140 Main Street in Richford, VT.  Following the Town of Richford Zoning Administrator's (ZA) decision to deny their application for the second apartment, Appellants appealed to the DRB, which upheld the ZA's denial.  Appellants now seek to appeal the DRB's decision to this Court. The Town challenges the appeal on the grounds that it is untimely.  Appellants are pro se and the Town is represented by Attorney Brian P. Monaghan and Attorney Kristen E. Shamis.

Interested parties have a statutory right to appeal a decision of a municipal panel to the Environmental Division under 24 V.S.A. § 4471 and § 4472, but that right must be exercised in the manner prescribed by the Vermont Rules of Environmental Court Proceedings.  See V.R.E.C.P. 5(a)(1).  Such appeals must be filed "within 30 days of the date of the act, decision, or jurisdictional opinion appealed from, unless the court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure."  V.R.E.C.P. 5(b)(1).  The Environmental Division lacks subject matter jurisdiction over appeals filed outside of the 30-day period.  See In re Gulli, 174 Vt. 580, 583 (2002) ("Failure to file timely notice of an appeal brought under § 4471 deprives the environmental court of jurisdiction over that appeal").  The Court consequently evaluates the Town's instant motion challenging the timeliness of Appellants' appeal as a request for dismissal under V.R.C.P. 12(b)(1) for lack of subject matter jurisdiction.

When reviewing a 12(b)(1) motion to dismiss, the Court accepts all uncontroverted factual allegations as true for the purposes of the motion and construes them in the light most

favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. The Court may also consider evidence outside the pleadings when resolving this type of motion. Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11.

The factual allegations relevant to the motion are not in dispute at this stage in the proceedings and are supported by the exhibits to the Town's motion. After holding a hearing on the appeal that was attended by Appellants, the DRB issued a final decision upholding the ZA's denial on August 12, 2021. Exhibit 1, Findings and Facts. The DRB decision was sent to Appellants by certified mail on August 17, 2021 and Appellants signed the receipt for the certified mail on August 31, 2021. Exhibit 2, Notice of Receipt of Certified Mail. In their response to the Town's motion, Appellants acknowledge that they possessed the DRB decision on that date. Appellants did not file the notice of appeal with this Court until September 22, 2021. Exhibit 3, Court docket sheet.

The Town argues that Appellants did not file the appeal within 30 days of the date the DRB issued its decision, and that the failure to do so warrants dismissal. In response, Appellants do not dispute that by filing on September 22, 2021, they filed more than 30 days from the August 12, 2021 date of the DRB decision. Instead argue that they believed they had 30 days from their receipt of the decision on August 31, 2021 to file the appeal.

The law on when the time for an appeal begins to run is clear. Rule 5(b)(1) establishes that the notice of appeal must be filed "within 30 days of the date of the . . . decision" being appealed. V.R.E.C.P. 5(b)(1). As the Vermont Supreme Court has explained, the rule creates a single 30-day time period that starts when the decision is issued, not when the party receives notice. In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 13, 206 Vt. 559. Appellants were incorrect in their belief that they had 30 days from their receipt of the decision on August 31, 2021.

The Court lacks subject matter jurisdiction in the absence of a timely appeal and cannot allow it to proceed absent a showing of manifest injustice. See 10 V.S.A. § 8504(b)(2)(C). Appellants have not shown any injustice or excusable neglect in their mistake of law and the resulting failure to file the appeal within 30 days of the DRB decision. Not only is the 30-day requirement straightforward, but the DRB decision provided Appellants with actual notice of it. The August 12, 2021 decision includes a notice on the last page which states that "an appeal must be taken within 30 days of the date of this decision, pursuant to 24 V.S.A. 4471 and Rule 5(b) of the Vermont Rules for Environmental Court Proceedings." Exhibit 1. If Appellants needed more time to prepare the appeal after they received the decision by certified mail, they could have requested an extension under V.R.E.C.P. 4. Appellants were aware of the deadline for filing their appeal but failed to comply with it or to seek clarification or extension. See Capitol Plaza Act 250, No. 59-5-19, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 01, 2019) (Walsh, J) ("ignorance of the law or inattention to detail rarely constitutes excusable neglect") (citing In re Lund, 2004 VT 55, ¶¶ 5 – 6, 177 Vt. 465)

The Court lacks subject matter jurisdiction over Appellants' appeal. The Town's motion to dismiss is therefore **GRANTED**. This matter is **DISMISSED**.


Electronically Signed: 1/6/2022 at 9:00 AM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division