VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 22-ENV-00019



| Goulette PUD Appeal |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss

Filer:        Sarah Pinto, attorney for Jeffrey and Kristen Goulette

Filed Date:        February 11, 2022

Response in Opposition filed on February 25, 2022, by Appellant Melinda Kinzie

The motion is **GRANTED**.

Jeffrey and Kristen Goulette (Applicants) move to dismiss the appeal brought by Melinda Kinzie (Appellant) of a decision made by the Town of Ferrisburgh Planning Commission ("Planning Commission"). The appeal concerns Applicants' final plat application for a Planned Unit Development (PUD), which the Planning Commission granted on December 6, 2021. Applicants seek dismissal on the grounds that Appellant's February 2, 2022, notice of appeal was untimely. Applicants are represented by Attorney Sarah Pinto and Appellant is a self-represented litigant.

We begin our analysis by noting that Interested Parties have a statutory right to appeal a decision of a municipal panel to the Environmental Division under 24 V.S.A. § 4471, but that right must be exercised in the manner prescribed by the Vermont Rules of Environmental Court Proceedings. One such requirement is that the notice of appeal must be filed with the Environmental Division "within 30 days of the date of the act, decision, or jurisdictional opinion appealed from, unless the court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure." V.R.E.C.P. 5(b)(1); 10 V.S.A § 8504. The time limitation relates to the Environmental Division's subject-matter jurisdiction, so in the absence of a Rule 4 extension, it cannot review an appeal filed outside of the 30-day period. See In re Gulli, 174 Vt. 580, 583 (2002) ("Failure to file timely notice of an appeal brought under § 4471 deprives the environmental court of jurisdiction over that appeal"). The Court consequently evaluates the instant challenge to the timeliness of Appellant's appeal as a motion to dismiss for lack of subject-matter jurisdiction under V.R.C.P. 12(b)(1).

When reviewing a 12(b)(1) motion to dismiss, the Court accepts all uncontroverted factual allegations as true for the purposes of the motion and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. The Court may also consider evidence outside the pleadings when resolving this type of motion. Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11.

The parties do not dispute that the Planning Commission issued its final decision granting Applicants' PUD application on December 6, 2021. This date is also supported by the copy of the final decision that Applicants filed with their motion to dismiss. The decision included a notice to all parties that it "may be appealed to the Vermont Environmental Court . . . within 30 days of the date of this decision, pursuant to 24 V.S.A. § 4471 and Rule 5(b) of the Vermont Rules for Environmental Court Proceedings." Despite this notice, Appellant did not file her notice of appeal with the Court until February 2, 2022, well outside of the 30-day window for appeals.

Appellant did not request an extension before filing her untimely notice of appeal, and she does not describe any injustice or excusable neglect as a reason for the delay in her response to the motion to dismiss. Her failure to file within the statutory timeline for appeals appears to be the result of a misunderstanding because she called the Environmental Division for clarification but claims that she did not understand the instructions given to her. Thinking she had more time to file than she did, she may have also attempted to wait for a written agreement from Applicants before filing the notice. While the misunderstanding is unfortunate, the Court does not have jurisdiction to allow the appeal under these circumstances. See Capitol Plaza Act 250, No. 59-5-19, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 01, 2019) (Walsh, J.) ("ignorance of the law or inattention to detail rarely constitutes excusable neglect") (citing In re Lund, 2004 VT 55, ¶¶ 5 – 6, 177 Vt. 465); In re Lund, 2004 VT 55, ¶ 7 (holding in the context of a mistake of law that "[u]nder these circumstances, the superior court abused its discretion" by extending the time for filing and appeal).

Appellant did not file this appeal in a timely manner and the Court consequently lacks subject-matter jurisdiction over it. Applicants' motion is therefore **GRANTED** and the appeal is **DISMISSED**. The Court further **GRANTS** Appellant's request for a refund of the filing fee she paid for the appeal. We are advised that the processing of a filing fee refund normally takes about six weeks. We request that our Court Operations Manager take the necessary steps to have a refund of this filing fee paid to Ms. Kinzie.

In addition to the above orders, the Court commends the parties for communicating with each other about a resolution and encourages them to continue their efforts to finalize an agreement.

**SO ORDERED.**

Electronically signed at Newfane, Vermont on Thursday, March 10, 2022, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division