VT SUPERIOR COURT

STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Washington Unit** | **CIVIL DIVISION**<br>2017 JAN -9 A 9: 18 **Docket No. 348-6-16 Wncv** |

**JEFFREY-MICHAEL BRANDT**
**Plaintiff**

v.

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
**Defendant**

### DECISION
### The DOC's Motion to Dismiss

Plaintiff–Inmate Jeffrey-Michael Brandt seeks Rule 75 review of a disciplinary conviction for refusing a corrections officer's instructions, a "Major B18" offense. The superintendent of his facility denied his administrative appeal. He then sought review here. The Department of Corrections has filed a motion to dismiss arguing that Mr. Brandt's petition was filed out of time. Mr. Brandt concedes that the petition was filed late, but asks the court to excuse the delay due to an inability to access legal or other resources in his facility.

Rule 75(c) requires a petition for review to be filed within 30 days of notice of the challenged act. The 30-day review period is not jurisdictional: it may be enlarged under Rule 6(b), waived by a defendant, and it may be subject to an estoppel, as was the case in *Fyles v. Schmidt*, 141 Vt. 419, 422 (1982). See V.R.C.P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the superior courts . . . or the venue of actions therein."). There is no basis for a waiver or estoppel in this case.

Under Rule 6(b)(1), the court has broad discretion to enlarge the time for filing the petition when the request to do so occurs before the expiration of the time for filing. That did not happen in this case. When the request occurs later, Rule 6(b)(2) limits the court's discretion to situations in which "the failure to act was the result of excusable neglect." The Vermont Supreme Court has explained that the "excusable neglect standard is a strict one." *State v. Felix*, 153 Vt. 170, 171 (1989). The heart of the analysis is "the reason for delay, including whether it was within the reasonable control of the movant." *In re Town of Killington*, 2003 VT 87A, ¶ 16, 176 Vt. 60. "Ignorance of the law or inattention to detail" usually is insufficient. *In re Lund*, 2004 VT 55, ¶ 5, 177 Vt. 465 (mem.).

Mr. Brandt does not expressly assert that any excusable neglect caused him to file his petition out of time. Instead, he points to general "difficulties" that inmates have accessing legal or other materials and cites to a letter to this court's operations manager that he included with his complaint. That letter states in its entirety:

Due to my lack of access to the law library and copies and other needed legal supplies (calls to the court, experts etc [sic]) I am asking that the PRO Office be appointed as I can't do anything here in Vermont. I ask that they also be appointed for Docket #8-1-16 Wncv as I am in need of assistance. Thank you for your help with this.

Plainly, the letter explains why Mr. Brandt sought the appointment of a lawyer to help him litigate his case. It offers no explanation for any delay in filing the complaint.

Mr. Brandt also asserts in his brief: "The preparation and filing of this matter required that Mr. Brandt review Superintendent Hale's decision, wait for the allotted time to access the law library, locate proper forms, copy his grievance forms, draft his petition without the assistance of counsel, and mail it." A complaint, however, requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." V.R.C.P. 8(a).

Mr. Brandt filed his petition out of time and he has not demonstrated that he did so due to any excusable neglect.

## ORDER

For the foregoing reasons, the State's motion to dismiss is granted.

Dated at Montpelier, Vermont this _6th_ day of January 2017.

Mary Miles Teachout,
Superior Judge

2