VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00122



| Highridge Plaza, LLC Amendment of Permit Conditions |
|---|

## ENTRY REGARDING MOTION

Motion:        Motion to Dismiss

Filer:         Alexander J. LaRosa, Attorney for Applicant Highridge Plaza, LLC

Filed Date:    December 12, 2023

Memorandum in Opposition, filed on February 1, 2024, by Allan J. Sullivan, Attorney for Appellant

Reply in Support of Motion to Dismiss, filed on February 2, 2024, by Attorney A.J. LaRosa.

**The motion is DENIED.**

This is an appeal of a September 15, 2023 decision by the Town of Manchester Development Review Board ("DRB") approving Highridge Plaza, LLC's ("Applicant") application for a zoning permit amendment for a restaurant located at 4645 Main Street in Manchester, Vermont (the "Property"). Adjacent restaurant owner, Ronald Rodriguez ("Appellant") filed a notice of appeal in this Court on October 27, 2023, which was 12 days beyond the deadline for the filing of a timely notice of appeal. At that same time, Appellant also filed a request to allow his untimely appeal to be litigated.

Presently before the Court is Applicant's motion to dismiss this appeal as untimely. Appellant opposes this motion and requests that the Court grant his request to extend the time to file an appeal pursuant to the Vermont Rules of Appellate Procedure ("V.R.A.P.") Rule 4(d). For the reasons stated below, we **GRANT** Applicant's motion to dismiss and **DENY** Appellants request to extend the time to file an appeal.

### Discussion

Pursuant to 24 V.S.A. §§ 4471 and 4472(a), the "exclusive remedy" for a party seeking to challenge a municipal act or decision is an appeal to the Environmental Division. Such an appeal must be filed within 30 days of the act or decision appealed from. 10 V.S.A. § 8504(b). The failure to bring

a timely appeal under 24 V.S.A. § 4471 deprives this Court of jurisdiction over said appeal. In re Gulli, 174 Vt. 580, 583 (2002). However, there are limited exceptions to the 30-day appeal window, such as when the Court grants a motion to extend the time to file a notice of appeal pursuant to V.R.A.P. Rule 4(d). Such a motion must be filed no later than 30 days after the initial time to file a notice of appeal and the moving party must show excusable neglect or good cause. V.R.A.P. Rule 4(d)(1). Since Appellant filed his request for an extension of the appeal period within the thirty days following his appeal filing deadline, we look to whether Appellant has provided a sufficient showing of excusable neglect or good cause for his delay.

To determine whether excusable neglect exists, caselaw precedent directs that "we consider 'the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" In re Laberge Shooting Range, 2018 VT 84, ¶ 14, 208 Vt. 441 (quoting In re Town of Killington, 2003 VT 87A, ¶ 16, 176 Vt. 60). As the Vermont Supreme Court explained in Killington, "the appropriate focus is on the third factor: the reason for delay, including whether it was within the reasonable control of the movant." In re Town of Killington, 2003 VT 87A, ¶ 16 (citation omitted). This is because the remaining factors will almost always be met, and a strict application of the excusable neglect standard is necessary to ensure that there is not a de facto enlargement of the appeal filing deadline to 60 days. Id. at ¶16-17(citations omitted).

With respect to the first two factors, we conclude that there is no danger of prejudice to Applicants in allowing an untimely appeal and the delay would not have any noticeable impact on these judicial proceedings. There is no evidence to suggest that Applicants detrimentally relied on the expiration of the normal time to file an appeal, such that they would be prejudiced by allowing this appeal to proceed. Furthermore, the original appeal deadline was October 15, 2023. Appellant filed their notice of appeal on October 27, 2023. This 12-day period was short and has had no impact on these proceedings, except for the need to rule on the present motion. Accordingly, these two factors weigh in favor of allowing the untimely appeal.

As previously explained, it is the third factor, the reason for the delay, which carries the most weight in the excusable neglect analysis. Town of Killington, 2003 VT 87A, ¶ 16. What constitutes excusable neglect is a strict standard, particularly when the factors constituting neglect were entirely within the moving party or their attorney's control. Id. at ¶ 17. Ignorance of the law or inattention to detail rarely constitute excusable neglect. In re Lund, 2004 VT 55, ¶ 5, 177 Vt. 465 (citing Killington,

2003 VT 87A, ¶ 16-17).  Here, Appellant argues that the reason he failed to file a timely appeal was because he misunderstood the rules and thought that he had 30 days from receipt of notice of the DRB's decision to file a notice of appeal.  This misunderstanding, he argues, was complicated by the fact that he was not represented by an attorney.  This is not sufficient justification to allow an untimely appeal.  Appellant received notice of the DRB's decision 10 days before the appeal deadline.  Appellant's misunderstanding of the law, by itself, is not a sufficient reason to allow an untimely appeal.  See In re Summer Point CU Appeal, No. 21-ENV-00105 at 3 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2022) (Walsh, J.) (explaining that an appellant's pro se status and misunderstanding of the appeals deadline did not constitute excusable neglect or good cause).  Based on the abundant caselaw explaining the need for finality and what constitutes excusable neglect, we conclude that the reason for Appellants untimely appeal does not rise to the standard of excusable neglect as provided in V.R.A.P. Rule 4(d).  Accordingly, we **GRANT** Applicant's motion to dismiss and **DENY** Appellants request to enlarge the time to file an appeal.

This concludes the matter before the Court.  A Judgment Order accompanies this decision.

Electronically signed at Newfane, Vermont on Monday, March 4, 2024, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division