VERMONT SUPERIOR COURT

Windsor Unit
12 The Green
Woodstock VT 05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-02384



---

**Lucien Choiniere v. MR. ANDREW SHELDON et al**

---

## ENTRY REGARDING MOTION

Title:        Motion Motion For: to correct deadline dates (Motion: 1)
Filer:        Lucien R Choiniere
Filed Date:   August 22, 2025

The motion is DENIED.

The Court has reviewed the record of this appeal, it has reviewed the recording of the hearing, and it has reviewed the various filings that Appellant has made on appeal.[1]

The Small Claims Court exceed its authority in granting an extension of time to file the present appeal. As noted in the prior decision, the right to appeal is jurisdictional. The Vermont Rules of Small Claims Court Procedure give parties 30 days from the entry of judgment to file an appeal. V.R.S.C.P. 10(a)(1). Calling this deadline jurisdictional means that if an appeal is filed late, the Court lacks the authority to hear the appeal. *In re Lund*, 2004 VT 55, ¶ 4 (mem.). As a jurisdictional issue, the appellate court may review the underlying decision to grant an extension of time for an appeal. Id. at ¶ 7. So even if the Small Claims Court granted the extension, this Court, if it is persuaded that such extension was improperly granted, may reverse that grant.

The Vermont Supreme Court has stated that any extension to take an appeal after the time for the appeal has elapsed must demonstrate good cause for the delay. This term is called "excusable neglect," and it is to be strictly construed. Id. at ¶ 5. This is because decisions must have finality, and parties must be able to rely on decisions once they are rendered and time for appeal has

---

[1] The Court has reviewed its earlier decision as well. The Court finds that while Plaintiff did not file his appeal statement until July 2, 2025, this late filing was not the key delay as the small claims court had extended the time to file to July 2, 2025. Nevertheless, as explained below, the Court finds that the overall timing of the appeal remains untimely and outside the jurisdiction of the Court to review on appeal.

passed. Id. Any effort to re-open or extend the time must grounded in some external hardship that is outside of the moving parties' reasonable control. *Lund*, 2004 VT 55, at ¶ 5 (citing examples).

In this case, as noted in the prior decision, Plaintiff seeks to appeal a January 2025 decision several months after the time for appeal has run. In reviewing the record, the Court finds no sufficient grounds of excusable neglect. By extension, the Court finds no grounds for extending and re-opening the time for the current appeal. *In re Town of Killington*, 2003 VT 87A, ¶ 19. As an untimely appeal, this Court lacks the jurisdiction to hear this matter and render a decision. For these reasons, the appeal remains **Dismissed.**

**So Ordered.**

Electronically signed on 8/28/2025 6:22 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

Vermont Superior Court
Filed 08/29/25
Windsor Unit